**In re James W. CHILDRESS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–1207.**

District of Columbia Court of Appeals.

Submitted Nov. 14, 2002.

Decided Dec. 5, 2002.

---

Before FARRELL, REID, and GLICKMAN, Associate Judges.

FARRELL, Associate Judge:

In this reciprocal discipline case from Maryland, the Board on Professional Responsibility (the Board) recommends that respondent be suspended from the practice of law in the District of Columbia for one year and that, as a condition of reinstatement, he be required to demonstrate fit-

ness. The Maryland discipline resulted from a conclusion by the Court of Appeals of Maryland that respondent had committed criminal conduct under Virginia law[1] when, over the Internet, he proposed to engage in sexual conduct with a child under the age of 14 years. *See Attorney Grievance Comm'n of Maryland v. Childress*, 364 Md. 48, 770 A.2d 685 (2001) (*Childress II*). Respondent had previously been convicted for related conduct in the United States District Court for the District of Maryland,[2] but his conviction was reversed in *United States v. Childress*, 104 F.3d 47 (4th Cir.1996), on the ground that the relevant federal statute in effect at the time of his acts did not reach respondent's conduct.

■ The Board has determined that respondent's conduct violated Rule 8.4(b) of the Rules of Professional Conduct, which prohibits an attorney from committing "a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects."[3]

---

1. *See* Va.Code Ann. § 18.2–370A (4) (2002) (indecent liberties with children).

2. As the Maryland Court of Appeals explained, the criminal charges involved respondent's conduct during the years 1993 through 1995:

   During that time Respondent used his home computer to communicate with individuals he believed to be young girls via "chat rooms" located on America Online [(AOL)]. The girls Respondent targeted were generally between the ages of thirteen and sixteen years old. During some of these conversations, Respondent would ask whether the person was interested in meeting and having sex. For the purpose of convincing the girls to meet him, Respondent would frequently represent that he was younger than his actual age, stating that he was twenty-four years old rather than his actual age of thirty-two. He was able to persuade five young girls to meet with him. These meetings would generally occur in a public place in the Washington D.C. area. On one occasion, Respondent met two girls

   at the Village Center in Columbia, Maryland. The three drove around in Respondent's car. Respondent also met with a thirteen-year-old girl on three separate occasions in the Manassas, Virginia area. The two drove around and talked. During the meetings with the girls, no sexual contact ever took place and Respondent did not engage in any conversations of a sexual nature.

   *Childress II*, 770 A.2d at 688 (quoting *Attorney Grievance Comm'n v. Childress*, 360 Md. 373, 758 A.2d 117, 119 (2000)) (footnote omitted) (*Childress I*).

3. The Maryland Court of Appeals found respondent to have violated that jurisdiction's Rule 8.4(d), which prohibits conduct prejudicial to the administration of justice. The Board correctly determined that respondent's misconduct does not fall within our Rule 8.4(d), *see In re Hopkins*, 677 A.2d 55, 61 (D.C.1996), but that the circumstances of this case—in which respondent does not contest the imposition of reciprocal discipline—pose no impediment to discipline under Rule

Respondent does not dispute the determination of misconduct, and neither Bar Counsel nor respondent takes issue with the Board's recommendation of a one-year suspension with reinstatement conditioned on a showing of fitness, corresponding to the discipline imposed by Maryland of indefinite suspension with the right to apply for readmission after one year. *See In re Berg,* 694 A.2d 876, 877 n. 2 (D.C.1997).

■ This court adheres to the principle that, in cases where neither Bar Counsel nor the attorney opposes identical discipline, "[t]he most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself." *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998). Most recently in this regard we stated that, "in such circumstances, the imposition of identical discipline should be close to automatic, with minimum review by both the Board and this court." *In re Cole,* 809 A.2d 1226, 1227 n. 3 (D.C.2002). Underlying that principle is a general reluctance by the court to have the disciplinary law of the District of Columbia—concerning both misconduct and sanctions—developed in proceedings that are characterized by deference to another jurisdiction's judgment and also by the absence of "'that clear concreteness provided when a question emerges ... for a decision from a clash of adversary argument.'" *In re Goldsborough, supra,* note 3, 654 A.2d at 1287–88 n. 5 (quoting *United States v.*

*Fruehauf,* 365 U.S. 146, 157, 81 S.Ct. 547, 5 L.Ed.2d 476 (1961)).

■ Respondent's misconduct was unquestionably serious, and reflected directly on his "honesty, trustworthiness, or fitness" to practice law. As the Maryland Court of Appeals observed, his proposal of inappropriate sexual activity to vulnerable adolescent girls "seriously undermined public confidence in the legal profession." And as the Board points out, his criminal conduct went beyond "matters of personal morality," *see* Rule 8.4 comment 1, and "suggests a willingness to manipulate others who are not capable of making fully informed decisions of great magnitude." Thus, were we faced with a recommendation of a one-year suspension in an original disciplinary proceeding (including a fitness requirement), we at least arguably would find that sanction inadequate to the gravity of respondent's misconduct, even considering the evidence of mitigation which the Maryland court took into account. But in this setting of reciprocal discipline and a recommendation unopposed by Bar Counsel, we cannot say that a one-year suspension combined with the obligation to show fitness to resume practice, *see In re Roundtree,* 503 A.2d 1215, 1217 (D.C.1985), is so incommensurate with the conduct as to require departure from our general practice.[4]

An alternative to accepting the Board's recommendation might be to dispense with reciprocal discipline and direct Bar Counsel to commence an original discipline proceeding. *See* D.C. Bar Rule XI, § 11(f)(2)

8.4(b). *See In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995).

**4.** *See In re Goldsborough, supra* note 3 (reciprocal case from Maryland; two-year suspension with reinstatement conditioned on proof of fitness based on attorney's intentional misrepresentations to Maryland Bar Counsel and sexual misconduct towards adult female

clients); *In re Gilbert,* 719 A.2d 95 (D.C.1998) (reciprocal discipline; one year suspension for improper sexual advances); *In re Saboorian,* 770 A.2d 78 (D.C.2001) (misdemeanor sexual battery conviction and reciprocal action; two-year suspension stayed in favor of probation with conditions).

("If the Court determines that the identical discipline should not be imposed, it shall enter such order as it deems appropriate...."). But the misconduct at issue includes acts reaching as far back as 1993, and, as the Maryland Court of Appeals pointed out, since 1995 respondent has undergone intensive psychiatric counseling. An original discipline proceeding would thus inevitably become bound up with matters of rehabilitation identical to those germane to the fitness determination the Board recommends before reinstatement—thereby raising the prospect of duplicative proceedings.

We therefore accept the Board's recommendation of a one-year suspension, with the additional requirement that respondent demonstrate fitness before he may resume practice in the District of Columbia. We depart from this recommendation in one respect, however. In *In re Berger*, 737 A.2d 1033 (D.C.1999) the court pointed out that Maryland is among those jurisdictions that permit summary reinstatement of a suspended attorney—without the need for formal proof and a finding of rehabilitation—if the attorney asserts that he has met the requirements for reinstatement and Bar Counsel in that jurisdiction agrees. *See* 737 A.2d at 1045. We considered it appropriate in *Berger* "for this court to follow the lead of the original disciplining jurisdiction in determining [whether] the reinstatement requirement" can be met in this way and "does not require a full-fledged proceeding." *Id.* But we announced no inflexible rule in that regard, and in this case the seriousness of respondent's misconduct convinces us that the requirement of a plenary hearing on fitness should not be waived even conditionally (*i.e.*, on Bar Counsel's assent), as a condition of respondent's reinstatement.

Accordingly, respondent James F. Childress is hereby suspended from the practice of law for one year, with credit to be given for the interim periods of suspension that he previously served in related Bar Docket No. 63–96 and that he is now serving. Before being readmitted to practice in this jurisdiction, respondent must demonstrate his fitness to practice law in accordance with Rule XI, § 16(d).

*So ordered.*