**In re Kenneth D. PACK, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 02–BG–429.

District of Columbia Court of Appeals.

Submitted Sept. 16, 2003.

Decided Oct. 2, 2003.

Before REID, Associate Judge, and NEWMAN and NEBEKER, Senior Judges.

PER CURIAM:

Respondent was administratively suspended from the practice of law in the District of Columbia on October 31, 2000, based on his failure to pay bar dues. On March 8, 2002, respondent was disbarred by the Court of Appeals of Maryland. After learning of respondent's disbarment, Bar Counsel filed a certified copy of the disciplinary order with this court. On May 15, 2002, this court suspended respondent pursuant to D.C. Bar R. XI, § 11(d), and referred the matter to the Board on Professional Responsibility ("Board"). The Board has recommended that respondent be disbarred as reciprocal discipline. Bar Counsel has informed the court that she takes no exception to the Board's recommendation. Respondent has not filed any opposition to the Board's recommendation.[1]

There is a rebuttable presumption that the sanction imposed by this court in a reciprocal discipline case will be identical to that imposed by the original disciplining court. *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). This presumption is rebutted only if the respondent demonstrates, or the face of the record reveals, by clear and convincing evidence the existence of one of the conditions enumerated in D.C. Bar R. XI, § 11(c). *See* D.C. Bar R. XI, § 11(f).

Respondent's failure in this case to file any exception to the Board's report and recommendation is treated as a concession that reciprocal disbarment is warranted. *In re Childress,* 811 A.2d 805 (D.C.2002); *In re Goldsborough,* 654 A.2d 1285 (D.C. 1995); *see also* D.C. Bar R. XI, § 11(f). Additionally, the record does not give us any cause to find imposition of identical discipline inappropriate. Respondent's dishonesty, fabrication of court documents, as well as dereliction of duty to his clients constitutes misconduct under the District of Columbia Rules of Professional Conduct. Further, disbarment is the appropriate sanction in such a case of gross misconduct and dishonesty. *In re Goffe,* 641 A.2d 458 (D.C.1994). Accordingly, it is

ORDERED that Kenneth D. Pack is hereby disbarred from the practice of law in the District of Columbia forthwith. *See* D.C. Bar R. XI, § 14(f). We direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g) and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

1. Respondent also never filed any opposition     to the proceeding initiated in Maryland.