**In re Paul DRAGER, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 01–BG–959, 02–BG–1302.**

District of Columbia Court of Appeals.

Submitted March 4, 2004.
Decided April 8, 2004.

Before RUIZ and WASHINGTON, Associate Judges, and FERREN, Senior Judge.

PER CURIAM:

These are two, consolidated reciprocal disciplinary proceedings in which we consider the appropriate sanction, if any, for conduct that led to respondent's disbarment in New York. In the first New York proceeding, respondent received a public censure for several counts of misconduct involving neglect, misrepresentation, and failure to cooperate with a grievance committee investigation. In the second New York proceeding, in which the earlier censure was noted but not discussed, New York disbarred respondent for three instances of failure to cooperate with the state Grievance Committee's investigations of complaints against him.

Bar Counsel apparently learned of the second proceeding first and initiated a reciprocal proceeding before our Board on Professional Responsibility pursuant to D.C. Bar R. XI, § 11(c). In that proceeding, the Board concluded that this jurisdiction would not disbar an attorney for similar misconduct (three counts of failure to cooperate with bar counsel). See D.C. Bar R. XI, § 11(c)(4); In re Zelloe, 686 A.2d 1034, 1036 (D.C.1996); In re Garner, 576 A.2d 1356 (D.C.1990) (per curiam). The Board, therefore, instead recommended a thirty-day suspension coupled with a requirement that respondent demonstrate his fitness to practice law before reinstatement is ordered. See D.C. Bar R. XI, §§ 3(a)(2); 16(a); In re Delaney, 697 A.2d 1212, 1213 (D.C.1997); In re Lockie, 649 A.2d 546, 547 (D.C.1994) (per curiam).

While that recommendation was pending before this court, Bar Counsel learned the details of respondent's public censure in New York and initiated a second reciprocal proceeding before the Board. Bar Counsel recommended disbarment based on the cumulative egregiousness of the two incidents underlying the New York censure: neglect in representation of an insurance company defendant; neglect of a divorce action, coupled with misrepresentation to the client; and failure to cooperate with grievance committee investigations in disciplinary proceedings as to each. Bar Counsel also asked this court to withhold

our ruling in the first New York case until the Board had acted on the second, and suggested that we then consolidate the two on appeal. We agreed with Bar Counsel's procedural request and now have both cases before us.

■■■ We recognize that in a reciprocal discipline case, D.C.App. R. XI, § 11(c) supplies a presumption that our discipline should mirror the sanction imposed by the first jurisdiction. Here, however, we have an unusual situation. As the Board recognized in its report and recommendation in the second (censure) case:

> In [Bar Docket] No. 278–01, the sanction of disbarment imposed by the New York Court would surely be too heavy in this jurisdiction for the misconduct [failure to cooperate with the disciplinary investigation] that was the subject of that matter. On the other hand, in [Bar Docket] No. 508–02, the New York Court's sanction of a public censure almost certainly would be too light in this jurisdiction for the misconduct in that case, even in light of various mitigating circumstances that were found.

As a result of these anomalies, in the consolidated case the Board might have thought it should address each proceeding separately under D.C. Bar R. XI, § 11(c)(4) (permitting, in a reciprocal disciplinary proceeding, a sanction different from that imposed by the first jurisdiction if "[t]he misconduct established warrants substantially different discipline in the District of Columbia"). The Board, however, suggests another policy to guide us here based on respondent's failure to participate in either of the reciprocal proceedings before the Board, and thus on his failure to challenge New York's ultimate recommendation of disbarment in the second of its two proceedings against him. The Board recommends that we follow the approach of *In re Childress*, 811 A.2d 805 (D.C. 2002), where we said:

This court adheres to the principle that, in cases where neither Bar Counsel nor the attorney opposes identical discipline, "[t]he most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself." *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998). Most recently in this regard we stated that, "in such circumstances, the imposition of identical discipline should be close to automatic, with minimum review by both the Board and this court." *In re Cole*, 809 A.2d 1226, 1227 n. 3 (D.C.2002).

Bar Counsel, however, in recommending disbarment as reciprocal discipline in the New York censure case, opposed "identical discipline" there. Nor has Bar Counsel rescinded its recommendation of a suspension (followed by proof of fitness) in New York's failure-to-cooperate case leading to disbarment there. The Board thus faced a situation in which Bar Counsel, contrary to the first criterion in *Childress*, literally rejected identical discipline in each of the cases taken separately. Nonetheless, noting Bar Counsel's bottom-line recommendation that respondent should be disbarred, the Board considered both of the New York cases together and, applying *Childress*, recommended disbarment. Bar Counsel has taken no exception to that consolidated approach and recommendation.

In arriving at its recommendation, the Board concluded from the record that respondent had "committed misconduct that would have been sanctionable under the District of Columbia Rules of Professional Conduct," that there was no reason to believe that respondent had been "deprived of due process or any other sub-

stantial rights in New York," and thus that there was "no question that some disciplinary sanction should be imposed upon Respondent in this jurisdiction." Next, the Board noted (contrary to Bar counsel's merits analysis): "[I]f we were to review Respondent's foreign discipline under D.C. Bar R. XI, § 11(c), it is unlikely that we would recommend that respondent receive the identical reciprocal discipline of disbarment." On the other hand, the Board perceived no "obvious miscarriage of justice" that would result from disbarment—a sanction, it said, that was "not so excessive as to be grossly unjust" in light of the likely suspension for a year, coupled with a fitness requirement, if the Board had proceeded under D.C. Bar R. § 11(c)(4). Finally, the Board stressed that respondent "has not opposed identical discipline in this case," indeed "he has not participated at all." Concluded the Board: "*Childress* teaches at bottom that the disciplinary system need not make extraordinary efforts to secure a more lenient reciprocal sanction for an attorney who cares so little about his license to practice law in this jurisdiction that he makes no objection to the possibility that he might be reciprocally disbarred here."

We approve the Board's reliance on *Childress* here, rather than on a merits analysis under D.C. Bar R. XI, § 11(c)(4). In doing so, however, we do not review the record or evaluate the Board's tentative view that, absent a *Childress* analysis, respondent would not be subject to disbarment for the misconduct reflected in the records of these two cases. We simply note that, consistent with respondent's indifference to the proceedings before the Board, he has taken no exceptions to the Board's report and recommendation to this court that he be disbarred. D.C. Bar R. XI, § 11(f)(1), pertaining to reciprocal discipline, provides in relevant part: "When no opposition to the recommendation of the Board has been timely filed, ... the Court will enter an order imposing the discipline recommended by the Board upon the expiration of the time permitted for filing an opposition."

Accordingly, respondent is hereby disbarred from the practice of law in the District of Columbia, effective thirty days from the date of this order. In addition, we call his attention to the requirements of D.C. Bar R. XI, § 14.

*So ordered.*