**In re Wayne A. HAGENDORF, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 04–BG–305.**

District of Columbia Court of Appeals.

Aug. 25, 2005.

Before SCHWELB and RUIZ, Associate Judges, and KERN, Senior Judge.

PER CURIAM.

In this reciprocal disciplinary proceeding against respondent Wayne A. Hagendorf, the Board on Professional Responsibility ("Board") has recommended that identical reciprocal discipline, specifically a five-month suspension, with all but sixty days stayed, be imposed. No exceptions to the Board's Report and Recommendation have been filed, and we adopt the Board's recommendation.

On October 27, 2003, the Supreme Court of Nevada suspended respondent for five months with all but sixty days stayed, on the condition that respondent pay restitution of $25,000 to the complainant.[1] Re-

---

1. Respondent made this payment on Septem- ber 9, 2003, and thus satisfied the condition

spondent's suspension was based on a "conditional plea agreement" pursuant to which he admitted violations of Nevada Disciplinary Rules SCR 172 (candor toward the tribunal), SCR 175 (relations with opposing counsel), SCR 181 (truthfulness in statements to others), SCR 203(3) (dishonesty, fraud, deceit, or misrepresentation), and SCR 203(4) (conduct prejudicial to the administration of justice).[2] Respondent thereafter reported the Nevada discipline to the District of Columbia Bar Counsel pursuant to D.C. Bar R. XI, § 11(b). On April 2, 2004, Bar Counsel filed with this court a certified copy of the Nevada Supreme Court's order of suspension. On April 9, 2004, we suspended respondent pursuant to D.C. Bar R. XI, § 11(d). We directed the Board to recommend whether an identical, greater, or lesser sanction should be imposed as reciprocal discipline, or whether *de novo* disciplinary proceedings should be instituted.

 In its Report and Recommendation, the Board found that the record supported the imposition of identical reciprocal discipline. Where, as here, neither Bar Counsel nor the respondent has opposed the imposition of identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress,* 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998)). In the Nevada proceeding, respondent received proper notice and was represented by counsel in that proceeding,

and there is no indication of a miscarriage of justice.

 A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)). Here, Nevada's sanction of a five-month suspension, with all but sixty days of the suspension stayed, falls within the range of sanctions that would be considered by this court. *See In re Goffe,* 641 A.2d 458 (D.C.1994) (disbarment for violations for comparable conduct which were subsequently codified as Rules 8.4(c), 8.4(d), and 3.3(a)(4)); *In re Soininen,* 853 A.2d 712 (D.C.2004) (six-month suspension for violation of Rules 3.3(a)(1), 8.4(c), 8.4(d), and 5.5(a)); *In re Uchendu,* 812 A.2d 933 (D.C.2002) (thirty-day suspension for violations of Rules 3.3(a), 8.4(c), and 8.4(d)); *In re Zeiger,* 692 A.2d 1351 (D.C. 1997) (sixty-day suspension for violation of Rules 3.4(a), 4.1(a), and 8.4(c)). Accordingly, the imposition of identical discipline is required even if this court might have imposed a different (and more severe) sanction if the case had been brought as an original matter in the District of Columbia. *See In re Sheridan,* 798 A.2d 516, 522 (D.C.2002); *In re Krouner,* 748 A.2d 924, 927 (D.C.2000).

Because no exception has been taken to the Board's Report and Recommendation, the court gives heightened deference to the Board's recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). There is ample support in the record for the Board's

---

of the suspension.

**2.** These Nevada Rules have counterparts in the D.C. Rules of Professional Conduct. *See* D.C. Rules of Professional Conduct 3.3 (candor toward a tribunal), 4.1 (truthfulness in

statements to others), 4.4 (respect for rights of third persons), 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (conduct that seriously interferes with the administration of justice).

findings, and we accept them. We also impose the discipline recommended by the Board. Accordingly, it is

■ ORDERED that Wayne A. Hagendorf is suspended herewith from the practice of law in the District of Columbia for a period of five months, with all but sixty days stayed.[3] We also direct respondent's attention to the requirements of D.C. Bar R. XI, § 14(g), and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

**3.** The suspension will run prospectively because respondent did not request that his suspension run concurrently with the Nevada suspension. *See In re Goldberg,* 460 A.2d 982 (D.C.1983). Respondent has likewise failed to file an affidavit satisfying the requirements of D.C. Bar R. XI, § 14(g). We also note that respondent has been on administrative suspension in the District of Columbia since April 9, 2004, for failure to pay his Bar dues.