**In re Mary D. BRENNAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 04–BG–148.**

District of Columbia Court of Appeals.

Decided Oct. 13, 2005.

Before: TERRY and FARRELL, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM.

In this reciprocal disciplinary proceeding against respondent Mary D. Brennan, the Board on Professional Responsibility ("Board") has recommended that the reciprocal and identical discipline of a ninety-day suspension be imposed. No exceptions to the Board's Report and Recommendation have been filed.

On January 22, 2004, the Court of Appeals of Maryland suspended respondent for ninety days. Respondent had consented to the suspension following findings by a Circuit Court of Maryland that respondent had failed to file 1999–2001 federal and state income tax returns, in violation of 26 U.S.C. § 7203 (1990) and MD. CODE ANN. Tax–General § 13–1001(d) (2001). The court further found that respondent had violated Maryland Rules of Professional Conduct 8.4(b) (criminal act that reflect adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer); 8.4(d) (conduct prejudicial to the administration of justice); and 5.5 (unauthorized practice of law), as well as Ma-

ryland Rules 16–606 (proper designation and title for attorney's trust account), 16–607(a) (proper funds deposited in attorney trust account), and 16–609 (cash may not be drawn from an attorney trust account).[1] On February 27, 2004, Bar Counsel filed a certified copy of the Maryland Court's order of suspension with this court. On March 4, 2004, we suspended respondent pursuant to D.C. Bar R. XI, § 11(d) and directed the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or whether the Board would proceed *de novo*. On March 9, 2004, respondent filed a D.C. Bar R. XI, § 14(g) affidavit. On November 3, 2004, respondent filed a motion with this court seeking *nunc pro tunc* treatment of her notice of the Maryland discipline, which she said she filed with the District of Columbia Bar on February 20, 2004, and a D.C. Bar R. XI, § 14(g) affidavit she mailed to the Board and Bar Counsel on March 9, 2004. Respondent further moved this court to vacate its interim order of suspension because her Maryland suspension had expired. On December 14, 2004, this court granted both motions, and respondent was reinstated.[2] Bar Counsel recommended reciprocal and identical discipline. Respondent has not filed a response indicating an opposition to reciprocal and identical discipline.

In its report and recommendation, the Board found that the record supported the imposition of reciprocal and identical discipline. In cases like this, where nei-

1. The Maryland Rules of Professional Conduct have the same numbered counterparts in the D.C. Rules of Professional Conduct; however, the Maryland Rules do not have direct counterparts and violations of them would not constitute misconduct in this jurisdiction. Additionally, this court has held that the willful failure to file income tax returns does not violate D.C. Rule of Professional Conduct 8.4(d) (conduct that seriously interferes with

the administration of justice). *In re Shorter*, 570 A.2d 760 (D.C.1990).

2. The court order recognized that respondent filed the D.C. Bar R. XI, § 14(g) affidavit and then had served the recommended ninety-day suspension. While the order reinstated respondent, this court noted that the Board was not restricted to the sanction imposed by the Maryland Court.

ther Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)). Here, there was no miscarriage of justice in the Maryland proceeding because respondent received notice of the proceeding and was represented by counsel when she voluntarily consented to the Maryland discipline.

Since no exception has been taken to the Board's report and recommendation, the court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Mary D. Brennan is suspended from the practice of law in the District of Columbia for a period of ninety days, *nunc pro tunc*, to March 9, 2004. Further, respondent has fulfilled the D.C. Bar R. XI, § 14(g) affidavit requirement and has been reinstated to practice law in this jurisdiction.