**In re Agostinho D. REIS, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 04–BG–374.**

District of Columbia Court of Appeals.

Submitted Dec. 1, 2005.
Decided Dec. 15, 2005.

---

Before RUIZ and REID, Associate Judges, and KERN, Senior Judge.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent, Agostinho D. Reis, the Board on Professional Responsibility ("Board") has recommended that the reciprocal and identical discipline of disbarment be imposed. No exceptions to the Board's Report and Recommendation have been filed.

On July 12, 2001, the Appellate Division, Supreme Court of New York, First Judicial Department ("New York Court") suspended respondent because of both his failure to cooperate with the Disciplinary Committee's investigation and the uncontested evidence of his professional misconduct that threatened the public interest.[1] On March 21, 2002, the New York Court disbarred respondent for his failure to re-

---

1. The New York disciplinary authorities charged respondent with misconduct from 1997 to 2000 involving representation of clients despite his certification in New York as being "retired from the practice of law," misappropriation of client funds, acceptance of fees for work he did not perform, and abandonment of clients.

spond to the Disciplinary Committee or the Court for a hearing or to seek reinstatement within six months from the date of the order of suspension pursuant to 22 NYCRR 603.4(g) (1992). On April 23, 2004, Bar Counsel filed a certified copy of the New York Court's disbarment order with this Court.[2] On April 29, 2004, we suspended respondent pursuant to D.C. Bar R. XI, § 11(d) and directed the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*.[3]

■ The Board, in its Report and Recommendation, found that the record supported the imposition of reciprocal and identical discipline. In cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no *obvious miscarriage of justice would* result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)); *In re Cole*, 809 A.2d 1226, 1227 n. 3 (D.C.2002) ("[I]n such circumstances, the imposition of identical discipline should be close to automatic, with minimum review by both the Board and this court."). Here, there was no miscarriage of justice in the New York proceeding because the record shows that the New York disciplinary authorities took various

extraordinary measures to locate and notify respondent of the charges; however, respondent failed to respond or participate in the disciplinary proceeding.[4]

■ A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992)). (As the Board notes in its report, the interim suspension respondent received in New York is the equivalent to an interim suspension imposed pursuant to D.C. Bar R. XI, § 3 ©); however, there is no equivalent in this disciplinary jurisdiction to respondent's disbarment imposed in New York for failure to seek reinstatement from the interim suspension within six months. Nevertheless, since Bar Counsel recommends disbarment and respondent has not opposed it, disbarment is not so excessive as to be grossly unjust. *See In re Drager*, 846 A.2d 992, 994 (D.C. 2004) ("[T]he disciplinary system need not make extraordinary efforts to secure a more lenient reciprocal sanction for an attorney who cares so little about his license to practice law in this jurisdiction that he makes *no objection to the possibility that* he might be reciprocally disbarred here."); *In re Meisler*, 776 A.2d 1207 (D.C.2001). Also, D.C. Bar R. XI, § 11(f)(1) pertaining to reciprocal discipline, states that "When no opposition to the recommendation of the Board has been timely filed, ... the Court will enter an order imposing the

---

**2.** The United States Supreme Court and the United States District Court for the Eastern District of New York also disbarred respondent on the basis of the discipline imposed by the New York Court.

**3.** Respondent has been administratively suspended for non-payment of dues since September 3, 2003.

**4.** It should be noted that in this proceeding, the District of Columbia Bar Counsel mailed numerous correspondences to respondent's various addresses on record and provided by the New York disciplinary authorities. On August 3, 2004, respondent appeared at Bar Counsel to discuss the matter, acknowledged receipt of the mailings, and confirmed his current address.

discipline recommended by the Board upon the expiration of the time permitted for filing an opposition." *See In re Drager*, 846 A.2d at 994.

Since no exception has been taken to the Board's report and recommendation, the Court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). We find support in the record for the Board's findings and, therefore, we accept them and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Agostinho D. Reis be disbarred from the practice of law in the District of Columbia and for purposes of reinstatement [5] the time period shall begin to run from the date respondent files his affidavit as required by D.C. Bar R. XI, § 14(g). *See In re Slosberg*, 650 A.2d 1329, 1331–33 (D.C.1994).

*So ordered.*

5. In this jurisdiction, respondent is eligible for reinstatement five years after disbarment; whereas, in New York, respondent is eligible for reinstatement seven years after disbarment.