In re David M. De CLUE, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals. (Bar Registration No. 433324).

No. 05–BG–474.

District of Columbia Court of Appeals.

Submitted Feb. 1, 2006.
Decided Feb. 23, 2006.

Before REID and FISHER, Associate Judges, and STEADMAN, Senior Judge.

PER CURIAM:

The respondent, David M. de Clue, has been administratively suspended from practicing law in this jurisdiction for non-payment of dues since 1992. On August 4, 2004, he was disbarred by the Supreme Court of Missouri following a series of charged ethical violations in that state, including: abandoning three clients, failing to cooperate with the disciplinary authorities, practicing law while suspended for failing to pay bar dues, and failing to certify his continuing legal education requirements. With the exception of this last offense,[1] respondent's actions violate rules 1.3, 1.4, 3.2, 5.5(a), and 8.1 of the District of Columbia Rules of Professional Conduct.

Respondent's disbarment in Missouri was reported to this court by Bar Counsel. On June 1, 2005, we suspended him pursuant to D.C. Bar R. XI, § 11(d) and referred the matter to the Board on Pro-fessional Responsibility ("Board") with directions for it to recommend whether identical, greater or lesser discipline should be imposed as reciprocal discipline, or determine whether it would proceed *de novo.* The Board submitted a Report and Recommendation on September 30, 2005, which recommends the respondent be disbarred as reciprocal discipline. Bar Counsel has informed the court that he takes no exception to the Board's report and recommendation. Respondent did not participate in the proceedings before the Board and has not filed any exceptions to its recommendation.[2]

Because of the rebuttable presumption favoring identical reciprocal discipline, *see In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995); D.C. Bar R. XI, § 11(f), the lack of anything in the record to indicate that reciprocal discipline is inappropriate, *see* D.C. Bar R. XI, § 11(c), and our heightened deference to the Board when its recommendation is unopposed, *see id.* at § 11(f); *In re Drager,* 846 A.2d 992, 994 (D.C.2004), we adopt the Board's recommendation. Accordingly, it is

ORDERED that David M. de Clue is disbarred from the practice of law in the District of Columbia. Solely for the purpose of seeking reinstatement to the Bar, respondent's disbarment shall not be deemed to begin until he files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g). *See* D.C. Bar R. XI, § 16(c).

*So ordered.*

---

1. The District of Columbia does not impose continuing legal education requirements on members of its bar.

2. Respondent wrote to this court on June 7, 2005, in response to our order of June 1, 2005, and has thus affirmatively demonstrated awareness of these proceedings. He also has been duly served as provided by the applicable rules.