**In re Edward A. SLAVIN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 413136).**

**No. 05–BG–885.**

District of Columbia Court of Appeals.

Submitted Nov. 14, 2006.

Decided Nov. 30, 2006.

Before FARRELL and KRAMER, Associate Judges, and NEBEKER, Senior Judge.

PER CURIAM:

In this disciplinary proceeding,[1] the Board on Professional Responsibility ("Board") has recommended that reciprocal and identical discipline be imposed in the form of a two-year suspension of respondent. The Board also recommends that his reinstatement be conditioned upon his demonstrating, by clear and convincing evidence, that he has the moral qualifications, competency, and learning in law required for readmission, and that his resumption of the practice of law will not be detrimental to the integrity and standing of the Bar, or the administration of justice, or subversive to the public interest. The Board Report and Recommendation also allows for respondent to apply for readmission after one year. No exceptions to the Board's Report and Recommendation have been filed.

On August 27, 2004, the Supreme Court of Tennessee suspended respondent for two years, with eligibility for reinstatement after one year, for violations of the Code of Professional Responsibility as set forth in Rule 8 of the Tennessee Supreme Court,[2] including failure to follow court orders; conduct involving dishonesty, fraud, deceit, or misrepresentation; inten-

---

1. Respondent was admitted to the Bar of the District of Columbia by motion on March 16, 1988, but has been administratively suspended for non-payment of dues since November 30, 1990.

2. On March 1, 2003, the Code of Professional Responsibility was replaced by the Rules of Professional Conduct.

tionally prejudicing or damaging the client during the course of the professional relationship; failure to communicate with clients; failure to return client records; engaging in conduct prejudicial to the administration of justice; and engaging in undignified or discourteous conduct degrading to a tribunal. *See Bd. of Prof'l Responsibility v. Slavin*, 145 S.W.3d 538 (Tenn.2004). On August 22, 2005, Bar Counsel filed a certified copy of the order from the Supreme Court of Tennessee. On August 29, 2005, this court issued an order temporarily suspending respondent and directing: (1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days, (2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and (3) the Board either to recommend discipline or proceed de novo. Thereafter, Bar Counsel filed a statement recommending reciprocal discipline of a one-year suspension with a requirement to prove fitness as a condition for reinstatement.[3] Respondent has not filed a statement nor has he participated in this proceeding.

 In its Report and Recommendation, the Board determined that respondent's misconduct in Tennessee also violated the District of Columbia Rules of Professional Conduct, and stated that a reciprocal and identical discipline of a two-year suspension with a fitness requirement is within the range of sanctions imposed for similar misconduct.[4] In cases like this, where neither Bar Counsel[5] nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress*, 811 A.2d 805, 807 (D.C. 2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)). Here, there was no miscarriage of justice in the Tennessee proceeding because respondent received notice of the proceeding and was represented by counsel before the Supreme Court of Tennessee. A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992)). The Board finds no basis for any exception set forth in D.C. Bar R. XI, § 11(c) to apply here.

Since no exception has been taken to the Board's Report and Recommendation, the

---

3. The Board recommendation states that Bar Counsel's recommendation of a one-year suspension with eligibility for reinstatement appears to be an effort to resemble the Tennessee discipline, which permits respondent to apply for reinstatement after one year of suspension. The Board recommendation notes that allowing respondent to apply for reinstatement after one year in this jurisdiction would amount to lesser discipline than that in Tennessee because respondent would be able to petition for reinstatement sixty days prior to the end of one year under Board Rule 9.1. However, the Board also notes that Tennessee's provision allowing respondent to apply for reinstatement after one year of the two-year suspension could shorten the period of respondent's actual suspension in Tennessee.

4. *See, e.g., In re De Maio*, 893 A.2d 583 (D.C. 2006) (eighteen-month suspension with fitness requirement imposed for conduct similar to, but not as extensive as respondent's misconduct.).

5. We note that Bar Counsel has recommended a one-year suspension, while the Board has asked for a two-year suspension. As the Board's Report and Bar Counsel's Statement make clear, however, this discrepancy is merely an effort to reach the same goal—that is, reciprocal discipline that is functionally equivalent to the sanction imposed by the Tennessee Supreme Court. Thus, we view their positions as coincident.

court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Edward A. Slavin is suspended from the practice of law in the District of Columbia for a period of two years and that his reinstatement be conditioned upon his demonstrating, by clear and convincing evidence, that he has the moral qualifications, competency, and learning in law required for readmission, and that his resumption of the practice of law will not be detrimental to the integrity and standing of the Bar, or the administration of justice, or subversive to the public interest. *See* D.C. Bar R. XI, § 16. Respondent may apply for readmission after one year but for purposes of reinstatement, the time period shall begin to run from the date respondent files his affidavit as required by D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331–33 (D.C.1994).

*So ordered.*