**In re Joseph Nathaniel BARON,**
**Respondent.**

**A Member of the Bar of the District of**
**Columbia Court of Appeals (Bar**
**Registration No. 238899).**

**No. 06–BG–187.**

District of Columbia Court of Appeals.

Submitted Feb. 20, 2007.

Decided March 1, 2007.

Before REID and BLACKBURNE–RIGSBY, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

The respondent, Joseph N. Baron was disbarred by the Florida Supreme Court on December 11, 2003, for a number of violations of that state's rules of professional conduct in matters involving two different clients. In one case, respondent lied to his client about the status of the case, settled the case without his client's knowledge, and kept the settlement amount as a fee. In a second case, respondent requested a hearing in an administrative appeal, advised his client that he

---

would request a continuance, and failed to request a continuance or attend the hearing resulting in the dismissal of the case. Respondent never informed his client that the case was dismissed.[1]

Respondent did not self-report the Florida disbarment as required by Rule XI, § 11(c). Based on the Florida court's order, we suspended respondent pursuant to D.C. Bar R. XI, 11(d) and referred the matter to the Board on Professional Responsibility ("Board") with directions for it to recommend whether identical, greater or lesser discipline should be imposed as reciprocal discipline, or determine whether it would proceed de novo. Bar Counsel recommended identical reciprocal discipline of disbarment, and the Board agreed in its Report and Recommendation on September 15, 2006 with Bar Counsel's requested discipline. Respondent did not participate in the proceedings before the Board and has not filed any exceptions to the Board's recommendation.

Because of the rebuttable presumption favoring identical reciprocal discipline, *see In re Goldsborough*, 654 A.2d 1285 (D.C. 1995); D.C. Bar R. XI, § 11(f); *In re Drager*, 846 A.2d 992, 994 (D.C.2004), we adopt the Board's recommendation. Accordingly, it is

ORDERED that Joseph N. Baron is disbarred from the practice of law in the District of Columbia, and his name shall be stricken from the roll of attorneys authorized to practice before this court. Respondent's disbarment shall run, for the purposes of reinstatement, from the date he files an affidavit that complies with the requirements of D.C. Bar R. XI, § 14(a).

1. According to Bar Counsel respondent's actions would constitute a violation of District of Columbia Rules of Professional Conduct

*See In re Slosberg*, 650 A.2d 1329, 1331 (D.C.1994).

*So ordered.*

1.1(a), 1.3(a) and (c), 1.4(a) and (b), 1.15(a), and 1.16(d).