**In re Michael W. RYAN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 469430).**

**No. 06–BG–855.**

District of Columbia Court of Appeals.

March 1, 2007.

■

Before KRAMER and THOMPSON, Associate Judges, and PRYOR, Senior Judge.

PER CURIAM.

In this disciplinary proceeding against respondent Michael W. Ryan,[1] a member of the Bar of the District of Columbia Court of Appeals, the Board on Professional Responsibility ("Board") has recommended to this Court that reciprocal and identical discipline be imposed in the form of a sixty-day suspension. No exceptions to the Board's Report and Recommendation have been filed.

On May 23, 2006, the Maryland Court of Appeals suspended respondent from the practice of law for disciplinary violations based on a Joint Petition for Sixty–Day Suspension by Consent in which respondent acknowledged that if a hearing were held, sufficient evidence could be produced to sustain the charges involving negligent commingling, inadequate supervision of non-lawyer staff in a personal injury cases, and failure to disburse settlement funds in another matter. On July 20, 2006, Bar Counsel filed a certified copy of the order from the Maryland Court of Appeals. On August 16, 2006, Bar Counsel submitted an order from the United States District Court for the District of Maryland imposing reciprocal suspension to run concurrently. On August 21, 2006, this court issued an order temporarily suspending respondent and directing: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days, 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and 3) the Board either to recommend reciprocal discipline or proceed de novo. Thereafter, Bar Counsel filed a statement recommending reciprocal discipline of a sixty-day suspension. Respondent submitted a response consenting to Bar Counsel's statement.

▮ In its report and recommendation, the Board notes in cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would

---

1. Respondent was admitted to the Bar of the   District of Columbia on September 11, 2000.

result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.'" *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)); *In re Reis*, 888 A.2d 1158 (D.C.2005). Here, the Board reports there was no miscarriage of justice in the Maryland matter because respondent participated in the Maryland proceeding, admitted the sufficiency of the evidence against him, consented to the sanction imposed, and consents to the imposition of identical reciprocal discipline here. A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992)). The Board found, and we agree, that there is no basis for any exception set forth in D.C. Bar R. XI, § 11(c) to apply here.

Since no exception has been taken to the Board's report and recommendation, the Court gives heightened deference to its recommendation. See D.C. Bar R. XI, § 9(g)(2); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Michael W. Ryan is hereby suspended from the practice of law in the District of Columbia for a period of sixty days, effective immediately. For purposes of reinstatement, suspension is deemed to commence on the date respondent files an affidavit that fully complies with the requirements of D.C. Bar Rule XI, § 14(g).

*So ordered.*