**In re Mikre M. AYELE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 411658).**

**No. 06–BG–385.**

District of Columbia Court of Appeals.

Submitted Dec. 13, 2006.

Decided March 8, 2007.

---

31. We call Respondent's attention to the affidavit requirement set forth in D.C. Bar R. XI, § 14(g).

Before WASHINGTON, Chief Judge, BLACKBURNE–RIGSBY, Associate Judge, and STEADMAN, Senior Judge.

PER CURIAM:

In this disciplinary proceeding against respondent Mikre M. Ayele,[1] a member of the Bar of the District of Columbia Court of Appeals, the Board on Professional Responsibility ("Board") has recommended that reciprocal and identical discipline be imposed in the form of a one-year and one-day suspension, but deemed to commence for purposes of reinstatement on the date respondent files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g). No exceptions to the Board's Report and Recommendation have been filed.

On December 30, 2005, the Virginia State Bar Disciplinary Board suspended respondent for one year and one day for violations of the Virginia Rules of Professional Conduct involving failures to act with reasonable diligence in representing a client, to communicate with a client, and to withdraw from representation of a client. *In the Matter of Mikre–Michael Ayele* (VSB Docket No. 06–041–0284, December 30, 2005). On April 24, 2006, Bar Counsel

filed a certified copy of the order from the Virginia State Bar Disciplinary Board. On May 11, 2006, this court issued an order temporarily suspending respondent and directing: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days, 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed, and 3) the Board either to recommend reciprocal discipline or proceed *de novo*. Respondent has not filed a statement or otherwise opposed the imposition of reciprocal discipline.

In its report and recommendation, the Board found that the record supported the reciprocal and identical discipline of a one-year and one-day suspension, including satisfaction of the conditions for reinstatement imposed by the Virginia Rules of Court, because in cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress,* 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998)). We agree there was no miscarriage of justice in the Virginia proceeding as the Board notes that respondent participated in the hearing, and he stipulated to the facts and admitted the violations of the Virginia Rules of Professional Conduct. Moreover, a rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995) (citing *In*

---

**1.** Respondent was admitted to the Bar of the District of Columbia on August 21, 1987, but has been administratively suspended for non-payment of bar dues since September 30, 2003.

*re Zilberberg,* 612 A.2d 832, 834 (D.C. 1992)).

Since no exception has been taken to the Board's report and recommendation, the court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 9(g)(2); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Mikre M. Ayele is suspended from the practice of law in the District of Columbia for a period of one year and one day, effective immediately. For purposes of reinstatement respondent must satisfy the conditions for reinstatement imposed by the Virginia Rules of Court and, furthermore, suspension here is deemed to have commenced on the date respondent files an affidavit that fully complies with the requirements of D.C. Bar R. XI, § 14(g).

*So ordered.*