**In re Charles E. McCLAIN, Sr., Respondent.**

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 439941).

No. 05–BG–1240.

District of Columbia Court of Appeals.

Decided March 15, 2007.

Before RUIZ and REID, Associate Judges, and BELSON, Senior Judge.

PER CURIAM:

In this disciplinary proceeding against respondent Charles E. McClain, Sr., a member of the Bar of this court, the Board on Professional Responsibility ("Board") has recommended that reciprocal and identical discipline be imposed in the form of a ninety-day suspension.

On September 30, 2005, the Maryland Court of Appeals reprimanded respondent for disciplinary violations based on a Joint Petition for Ninety–Day Suspension by Consent in which respondent acknowledged that, if a hearing were held, sufficient evidence could be produced to sustain the charges that respondent had filed, in bad faith, numerous frivolous pleadings with the intent to delay and harass, and

that he had failed to warn his clients that his actions could result in delay and expense and the imposition of sanctions. On November 2, 2005, Bar Counsel filed a certified copy of the order from the Maryland Court of Appeals. On November 15, 2005, this court issued an order temporarily suspending respondent and directing: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days; 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed; and 3) the Board to either recommend reciprocal discipline or proceed *de novo.* Thereafter, as noted, the Board filed a report recommending identical reciprocal discipline of a ninety-day suspension. No exceptions to the Board's report and recommendation have been filed.

 In its report and recommendation, the Board notes that in cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress,* 811 A.2d 805, 807 (D.C.) 2002 (quoting *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998)); *In re Reis,* 888 A.2d 1158 (D.C.2005). Here, the Board reports there was no miscarriage of justice in the Maryland matter because respondent participated in the Maryland proceeding, admitted the sufficiency of the evidence against him, consented to the sanction imposed, and does not oppose the imposition of identical reciprocal discipline here. A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdic-

tion." *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)). The Board found, and we agree, that there is no basis for any exception set forth in D.C. Bar R. XI, § 11(c) to apply here.

 Since no exception has been taken to the Board's report and recommendation, the Court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 11(f); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Charles E. McClain, Sr. is hereby suspended from the practice of law in the District of Columbia for a period of ninety-days, effective immediately. For purposes of reinstatement, suspension is deemed to commence as of the date respondent files a supplemental affidavit [1] that fully complies with the requirements of D.C. Bar Rule XI, § 14(g). If respondent provides the notarized or properly sworn supplemental affidavit, he shall be entitled to *nunc pro tunc* treatment of his reciprocal suspension to November 28, 2005, the date he filed his § 14(g) affidavit.

*So ordered.*

---

1. Respondent must submit an affidavit that is sworn under oath or penalty of perjury.