**In re Mary I. DUVALL, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 367682).**

**Nos. 03–BG–334, 05–BG–59.**

District of Columbia Court of Appeals.

Submitted Nov. 7, 2007.
Decided Nov. 21, 2007.

---

Before PRYOR, KERN and NEBEKER, Senior Judges.

PER CURIAM:

In these consolidated reciprocal disciplinary proceedings against respondent Mary I. Duvall,[1] the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal and identical discipline of disbarment be imposed. No exceptions to the Board's Report and Recommendation have been filed.

On March 17, 2003, the Court of Appeals of Maryland indefinitely suspended respondent for various violations of the Maryland Rules of Professional Conduct, including failure to return unearned fees in a timely manner upon termination of representation, failure to deposit unearned fees into an escrow account, failure to respond or cooperate with Maryland Bar Counsel, and lying to an inquiry panel. On April 7, 2003, Bar Counsel filed a certified copy of the indefinite suspension with this court in Bar Docket No. 510–02. On April 11, 2003, this court suspended respondent on an interim basis and directed Bar Counsel to inform the Board of her position regarding reciprocal discipline within thirty days, respondent to show cause why identical, greater, or lesser discipline should not be imposed, and the Board either to recommend discipline or to proceed de novo. Bar Counsel subsequently filed a statement recommending the imposition of substantially different reciprocal discipline of disbarment. Respondent did not file a statement in response.

On December 10, 2004, the Maryland Court of Appeals disbarred respondent for failure to communicate with a client, commingling, failure to deliver promptly the unearned fees to a client upon conclusion of representation, failure to respond to the Maryland Bar Counsel, and misappropriation. On February 2, 2005, Bar Counsel filed a certified copy of the disbarment order with this court in Bar Docket No. 011–05. This court subsequently ordered that the suspension in the previous matter (Bar Docket No. 510–02) remain in effect, consolidated the matters and directed Bar

---

1. Respondent was admitted to the District of Columbia Bar by examination on January 4, 1983. The D.C. Bar website, which features a database of disciplinary actions, indicates that on February 12, 1987, respondent was reprimanded for neglect, conduct prejudicial to the administration of justice, and practicing while under suspension for non-payment of dues.

Counsel to inform the Board of her position regarding reciprocal discipline within thirty days, respondent to show cause why identical, greater, or lesser discipline should not be imposed, and the Board either to recommend discipline or proceed de novo. Bar Counsel subsequently recommended disbarment. Respondent has not participated at any juncture during these proceedings.

In its Report and Recommendation, the Board found that the record supported the reciprocal and identical discipline of disbarment because in cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, "the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself." *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)). Here, there was no miscarriage of justice in the Maryland proceedings as respondent received due process in both proceedings. Further, in the proceeding that formed the basis for Bar Docket No. 510–02, respondent attended and participated.

 A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992)). Respondent's misconduct includes misappropriation, which warrants disbarment in this jurisdiction. *See In re Carlson*, 802 A.2d 341, 348 (D.C.2002) (citing *In re Addams*, 579 A.2d 190, 191 (D.C.1990) (en banc)). As we find support in the record for the Board's findings, we accept them, and adopt the sanctions the Board recommended. Accordingly, it is

ORDERED that Mary I. Duvall be disbarred from the practice of law in the District of Columbia, and for purposes of reinstatement, the time period shall begin to run from the date respondent files her affidavit as required by D.C. Bar R. XI, § 14(g). *See In re Slosberg*, 650 A.2d 1329, 1331–33 (D.C.1994).

*So ordered.*