**In re Richard P. CONDON, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 354076).**

**No. 06–BG–1392.**

District of Columbia Court of Appeals.

Submitted Nov. 6, 2007.
Decided Nov. 21, 2007.

Before NEWMAN, BELSON, and KING, Senior Judges.

PER CURIAM:

In this reciprocal disciplinary proceeding against respondent Richard P. Condon,[1] the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal and identical discipline of disbarment be imposed. No exceptions to the Board's Report and Recommendation have been filed.

On June 5, 2006, the Supreme Court of Florida disbarred respondent for dishones-

---

1. Respondent was admitted by motion to the District of Columbia Bar on July 31, 1981.

ty, misappropriation, and negligence in representing clients, and imposed costs of $13,650 resulting from the Florida disciplinary proceeding against him. Respondent did not report the discipline to Bar Counsel as required by D.C. Bar R. XI, § 11(b).[2] On November 21, 2006, Bar Counsel filed a certified copy of the Florida order with this court. On December 20, 2006, this court temporarily suspended respondent pursuant to D.C. Bar R. XI, § 11(d) and directed the Board to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline, or whether the Board would proceed *de novo*. Bar Counsel recommended that the Board impose identical reciprocal discipline of disbarment. Respondent has not filed any exceptions to the Board's report or otherwise participated in this reciprocal proceeding.

In its Report and Recommendation, the Board found that the record supported the reciprocal and identical discipline of disbarment because in cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)). Here, there was no miscarriage of justice in the Florida proceeding as respondent received due process, was represented by counsel, and participated in the proceeding.

A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough*, 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992)). Respondent's misconduct includes misappropriation, which warrants disbarment in this jurisdiction. *See In re Carlson*, 802 A.2d 341, 348 (D.C.2002) (citing *In re Addams*, 579 A.2d 190, 191 (D.C. 1990) (en banc)). As we find support in the record for the Board's findings, we accept them, and adopt the sanctions the Board recommended. Accordingly, it is

ORDERED that Richard P. Condon be disbarred from the practice of law in the District of Columbia and for purposes of reinstatement, the time period shall begin to run from the date respondent files his affidavit as required by D.C. Bar R. XI, § 14(g). *See In re Slosberg*, 650 A.2d 1329, 1331–33 (D.C.1994).

*So ordered.*

---

**2.** Respondent also did not notify this court of his three earlier disciplinary matters in Flori-
da.