**In re Monica M. TURNBO, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 434437).**

**No. 07–BG–1360.**

District of Columbia Court of Appeals.

Submitted July 22, 2008.
Decided July 24, 2008.

---

1. *United States v. Hoover–Hankerson*, 511 F.3d 164 (D.C.Cir.2007).

Before GLICKMAN, Associate Judge, FARRELL, Associate Judge, Retired, and SCHWELB, Senior Judge.

PER CURIAM:

In this reciprocal disciplinary proceeding, the Board on Professional Responsibility ("Board") has recommended that reciprocal and identical discipline of disbarment be imposed on respondent Monica M. Turnbo.[1] No exceptions to the Board's Report and Recommendation have been filed.

On October 4, 2007, the Court of Appeals of Maryland granted a joint petition for disbarment by consent and disbarred respondent for various violations of the Maryland Rules of Professional Conduct,[2] including the commingling of funds and misuse of trust account funds. Respondent did not notify this court, but on December 12, 2007, Bar Counsel filed a certified copy of the Maryland disbarment with this court, and on January 3, 2008, the court suspended respondent on an interim basis. Bar Counsel subsequently filed a statement recommending the imposition of identical reciprocal discipline of disbarment. Respondent did not file a statement in response. The Board recommends disbarment.

Where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress*, 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann*, 711 A.2d 1262, 1265 (D.C.1998)). Here, there was no miscarriage of justice, as respondent received due process in the Maryland proceeding. She was represented by counsel in that proceeding, she conceded that sufficient evidence could be produced to sustain the charges, and she consented to disbarment in a joint petition for disbarment.

A rebuttable presumption exists that "the discipline will be the same in the

---

1. Respondent was admitted to the District of Columbia Bar by motion on October 5, 1992. She was administratively suspended on October 3, 2006, for non-payment of dues.

2. *Attorney Grievance Commission of Maryland v. Turnbo*, 401 Md. 495, 933 A.2d 381 (2007). The Maryland violations related to diligence, communication, fees, safekeeping property, declining or termination of representation, failure to respond to Bar Counsel, knowingly assisting or inducing another to violate a Rule of Professional Conduct, engaging in conduct involving dishonesty, fraud, deceit or misrepresentation, engaging in conduct that is prejudicial to the administration of justice, and the naming and designation of accounts.

District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995) (quoting *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)). And, as respondent's misconduct includes misappropriation, that alone warrants disbarment in this jurisdiction. *See In re Carlson,* 802 A.2d 341, 348 (D.C.2002) (citing *In re Addams,* 579 A.2d 190, 191 (D.C.1990) (en banc)). As we find support in the record for the Board's findings, we accept them and adopt the sanction the Board recommends. Accordingly, it is

ORDERED that Monica M. Turnbo is hereby disbarred from the practice of law in the District of Columbia. Respondent's disbarment shall run, for the purpose of reinstatement, from the date she files the affidavit required by D.C. Bar R. XI, § 14(g). *See In re Slosberg,* 650 A.2d 1329, 1331 (D.C.1994).

*So ordered.*