**In re Michael D. ROSTOKER,
Respondent.**

**A Member of the Bar of the District of
Columbia Court of Appeals (Bar
Registration No. 389339).**

**No. 04–BG–1388.**

District of Columbia Court of Appeals.

Submitted Oct. 3, 2006.

Decided March 15, 2007.

Before WASHINGTON, Chief Judge,
THOMPSON, Associate Judge, and
PRYOR, Senior Judge.

PER CURIAM:

This matter began as an original disciplinary investigation of respondent, Michael Rostoker, based upon his federal convictions. Respondent was suspended on November 22, 2004, and the matter was referred to the Board on Professional Responsibility ("Board") for a recommendation of sanction and a determination of whether any of the convictions involved crimes of moral turpitude. Specifically, respondent was convicted in the United States District Court for the District of Northern California for conspiracy, travel with intent to engage in sexual acts with a minor, using facilities of interstate commerce to induce a minor to engage in illegal sexual acts, conspiracy to induce an alien to violate the law and encouraging an alien to come to the United States. However, before the Board completed that investigation, this court directed the Board to institute a formal proceeding to determine whether identical reciprocal discipline should have been imposed based upon a judgment of disbarment issued by the Supreme Judicial Court for Suffolk County, Massachusetts.

Respondent resigned as a member of the Bar of the Commonwealth of Massa-

chusetts during an investigation by the Commonwealth of Massachusetts Board of Bar Overseers of the Supreme Judicial Court ("Massachusetts Board") for failure to report the aforementioned convictions. These matters were consolidated and the Board issued its report and recommendation determining that respondent should receive reciprocal discipline and be disbarred from the practice of law in the District of Columbia.

A "resignation procedure, when undertaken in the face of a disciplinary proceeding, provides a sound basis for reciprocal discipline under Rule XI, § 11." *In re Day,* 717 A.2d 883, 888 (D.C.1998). There is a presumption in favor of imposing identical reciprocal discipline, unless the respondent demonstrates, by clear and convincing evidence, that one or more of the five exceptions set forth in D.C. Bar R. XI, § 11(c) apply.[1] D.C. Bar R. XI, § 11(f); *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992). In the instant matter, respondent resigned as a "member of the Bar of the Commonwealth of Massachusetts ... freely and voluntarily." Appendix B, ¶ 9. Moreover, Bar Counsel did not file any exception to the Board's recommendation. Although respondent initially filed exceptions, he failed to comply with this court's briefing order and did not submit a brief regarding these exceptions. Consequently, "our review of the Board's report should be deferential where respondent has bypassed the opportunity to iden-

tify and brief issues." *In re Perez,* 828 A.2d 206, 207 (D.C.2003). Accordingly, we will adopt the recommended sanction "unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted." D.C. Bar R. XI, § 9(g)(1).[2] We find nothing in the record before us to conclude that this sanction is unwarranted or inconsistent. *See In re Wortzel,* 698 A.2d 429 (D.C.1997) (reciprocal discipline of disbarment imposed based upon two felony convictions for child abuse in Maryland), *In re Sharp,* 674 A.2d 899 (D.C.1996) (reciprocal discipline of disbarment imposed following Virginia conviction for taking indecent liberties with a child by a person in custodial or supervisory relationship). Accordingly, it is

ORDERED that respondent Michael D. Rostoker, as reciprocal discipline, be and is hereby disbarred from the practice of law in the District of Columbia. Respondent has not filed the affidavit required by D.C. Bar R. XI, § 14(g), and we direct his attention to the requirements of that rule and their effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c). It is

FURTHER ORDERED that the original disciplinary case is hereby dismissed as moot.

*So ordered.*

---

1. The five exceptions under D.C. Bar R. XI, § 11(c) are:

    (1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or (2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or (3) The imposition of the same discipline by the Court

    would result in grave injustice; or (4) The misconduct established warrants substantially different discipline in the District of Columbia; or (5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

2. The record before us establishes that the Board considered the five exceptions in D.C. Bar R. XI, § 11(c).