**In re Mary H. RICHARDSON, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

No. 06–BG–412.

District of Columbia Court of Appeals.

Submitted Oct. 26, 2007.

Decided Nov. 8, 2007.

Before FARRELL, GLICKMAN and KRAMER, Associate Judges.

PER CURIAM:

In this disciplinary proceeding against respondent Mary H. Richardson,[1] a member of the Bar of the District of Columbia Court of Appeals, the Board on Professional Responsibility ("Board") has recommended to this court that reciprocal and identical discipline be imposed in the form of a six-month suspension with a requirement to prove fitness as a condition of reinstatement. No exceptions to the Board's Report and Recommendation have been filed.

On July 15, 2005, the Supreme Court of New Jersey suspended respondent for six months and "until further order of this court" for violations of the New Jersey Rules of Professional Conduct including the failure to safeguard funds; failure to promptly deliver funds; record-keeping violations; failure to expedite litigation; fairness to opposing party; truthfulness; criminal conduct that reflects adversely on an attorney's honesty; trustworthiness, or fitness as a lawyer; conduct involving dishonesty, fraud, deceit, or representation; and conduct prejudicial to the administration of justice. Thereafter, on January 11, 2006, the Superior Court of the Judicial District of Hartford, Connecticut imposed an immediate suspension until further order of that court. On April 26, 2006, Bar Counsel filed certified copies of both suspension orders. On May 11, 2006, this court issued an order temporarily suspending respondent and directing: 1) Bar Counsel to inform the Board of his position regarding reciprocal discipline within thirty days; 2) respondent to show cause why identical, greater, or lesser discipline should not be imposed; and 3) the Board either to recommend reciprocal discipline or proceed *de novo*. Thereafter, Bar Counsel filed a statement recommending reciprocal discipline of a six-month suspension and a requirement that respondent demonstrate fitness before reinstatement. Respondent has not filed a statement or otherwise opposed the imposition of reciprocal discipline.[2] Additionally, respondent has failed to file an affidavit as required by D.C. Bar R. XI, § 14(g).

■ In its Report and Recommendation, the Board determined that respondent's misconduct also violated D.C. Rules

---

1. Respondent was admitted by motion to the D.C. Bar on February 27, 1991, but has been administratively suspended since November 30, 1998, for failure to pay dues.

2. The Board Report notes that the first correspondence mailed to the primary address listed with the D.C. Bar was returned. A second correspondence, which reminded her of the rights she had to respond to Bar Counsel's statements and informed her of the return of the first letter, was mailed to respondent's New Jersey address.

of Professional Conduct,[3] and stated that in cases like this, where neither Bar Counsel nor the respondent opposes identical discipline, " 'the most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline—a situation that we anticipate would rarely, if ever, present itself.' " *In re Childress,* 811 A.2d 805, 807 (D.C.2002) (quoting *In re Spann,* 711 A.2d 1262, 1265 (D.C.1998)); *In re Reis,* 888 A.2d 1158, 1160 (D.C.2005). Here, no miscarriage of justice would result because respondent participated in the New Jersey proceeding, entered stipulations, and submitted testimony.

 A rebuttable presumption exists that "the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Goldsborough,* 654 A.2d 1285, 1287 (D.C.1995) (citing *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992)). The Board found, and we agree, that there is no basis for any exception set forth in D.C. Bar R. XI, § 11(c) to apply here. New Jersey law requires that when a respondent has been suspended from the practice of law, she is required to file a petition for reinstatement establishing fitness to resume practice of law;[4] therefore, in keeping with the imposition of identical discipline, the Board recommends that a fitness requirement also be imposed here. *See In re Angel,* 889 A.2d 993, 994 (D.C.2005) (ordering reciprocal disbarment, though suspension may have been appropriate, due to respondent's failure to file exception to reciprocal discipline).

 Since no exception has been taken to the Board's Report and Recommendation, the Court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 11(f)(1); *In re Delaney,* 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Mary H. Richardson, is suspended from the practice of law in the District of Columbia for a period of six months with a requirement to prove fitness as a condition of reinstatement. For purposes of reinstatement, suspension is deemed to commence on the date respondent files an affidavit that fully complies with the requirements of D.C. Bar Rule XI, § 14(g).

*So ordered.*

---

**3.** Specifically, the Board noted that the New Jersey Rules of Professional Conduct violated by respondent are substantially similar to their counterparts in the D.C. Rules of Professional Conduct.

**4.** N.J. Attorney Disciplinary Rule, § 1:20