**In re Malcolm B. WITTENBERG, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 187674).**

**No. 02–BG–495.**

District of Columbia Court of Appeals.

Submitted Jan. 16, 2008.
Decided Jan. 31, 2008.

Before FARRELL and GLICKMAN, Associate Judges, and FERREN, Senior Judge.

PER CURIAM:

On December 14, 2001, respondent Malcolm B. Wittenberg [1] pleaded guilty in the United States District Court for the Northern District of California to insider trading,[2] a felony which involved the use of confidential information to profit financially, in breach of his fiduciary obligation to his client. Respondent was sentenced to three years' probation, with conditions of one-month residence in a halfway house, home confinement for three months, specified community service, and a $10,000 fine. Based on this conviction, the Virginia State Bar Disciplinary Board revoked respondent's license to practice law on March 13, 2002. Thereafter, on June 15, 2005, based on the same underlying conviction, the Supreme Court of California ordered that respondent be suspended from the practice of law for five years with the equivalent of a fitness requirement, but stayed the execution of that suspension in favor of five years' probation, three years of actual sus-

---

1. A member of this bar since 1974.

2. In violation of 17 C.F.R. § 240.10b–5 and 15 U.S.C. §§ 78j and 78ff.

pension with a fitness requirement, and a condition that respondent pass the Multistate Professional Responsibility Examination. The California Supreme Court found, on an independent examination of the facts, that respondent's criminal conduct involved moral turpitude.

Meanwhile, on May 21, 2002, this court, having received a certified copy of respondent's criminal judgment from Bar Counsel, issued an order temporarily suspending respondent pursuant to D.C. Bar R. XI, § 10(c). The order directed the Board on Professional Responsibility ("Board") to institute a formal proceeding (BDN 61–02) to determine the nature of the final discipline to be imposed, and specifically to review the elements of respondent's offenses for the purpose of determining whether the crimes committed involved moral turpitude within the meaning of D.C.Code § 11–2503(a) (2001). The Board thereafter determined that respondent's conviction did not involve moral turpitude *per se*. Accordingly, the Board remanded the case to a Hearing Committee for determination of whether respondent's actual conduct involved moral turpitude and what final discipline would be appropriate and referred the matter to Bar Counsel to file a petition charging violations of the disciplinary rules, if warranted.

In 2006, while the disciplinary proceedings in BDN 61–02 were pending, Bar Counsel learned of respondent's discipline in Virginia and California. Bar Counsel submitted certified copies of the two states' orders of discipline to this court (commencing a separate proceeding, BDN 309–06). On September 20, 2006, the court issued an order referring the case to the Board and directing Bar Counsel to inform the Board of its position regarding reciprocal discipline. Bar Counsel recommended disbarment as the appropriate reciprocal discipline. Respondent filed no response to Bar Counsel's submission. In agreement with Bar Counsel, the Board now recommends that we impose disbarment as the *functionally equivalent reciprocal discipline* to the revocation of respondent's license in Virginia.[3]

■ In reciprocal discipline cases, D.C. Bar R. XI, § 11(f)(2) establishes a presumption that identical discipline will be imposed unless one or more of the five exceptions set forth in D.C. Bar R. XI, § 11(c), applies. *See In re Zdravkovich*, 831 A.2d 964, 969 (D.C.2003). That presumption is especially strong where, as here, neither the respondent nor Bar Counsel opposes identical discipline.[4]

■ In making its sanction recommendation, the Board relies on the uncontested finding in the California proceeding that respondent's conduct involved moral turpitude. The Board recommends, however, that we impose disbarment as the functionally equivalent discipline to the license revocation imposed in Virginia,[5] rather than the lesser discipline (a three-year suspension with a fitness requirement and probation) imposed in California, be-

---

3. The Board also recommends that the earlier matter based on respondent's criminal conviction, BDN 61–02, be dismissed as moot.

4. In such cases, we have said, "[t]he most the Board should consider itself obliged to do ... is to review the foreign proceeding sufficiently to satisfy itself that no obvious miscarriage of justice would result in the imposition of identical discipline-a situation that we anticipate would rarely, if ever, present itself." *In re*

*Spann,* 711 A.2d 1262, 1265 (D.C.1998). Here, as the Board states, there was no miscarriage of justice in the Virginia or California matters-respondent was not denied due process and there was no lack of proof since he pleaded guilty in federal court.

5. *See In re Laibstain,* 841 A.2d 1259, 1260 (D.C.2004).

cause D.C.Code § 11–2503 (a) mandates disbarment upon a criminal conviction involving moral turpitude, and respondent's misconduct therefore warrants "substantially different discipline in the District of Columbia" from the sanction imposed in California. D.C. Bar R. XI, § 11 (c)(4). *See In re Fuller*, 674 A.2d 907, 909 (D.C. 1996).

Where no exception has been taken to the Board's report and recommendation, the court gives heightened deference to its recommendation. *See* D.C. Bar R. XI, § 11(f); *In re Delaney*, 697 A.2d 1212, 1214 (D.C.1997). As we find support in the record for the Board's findings, we accept them, and we adopt the sanction the Board recommended. Accordingly, it is

ORDERED that Malcolm B. Wittenberg is hereby disbarred from the practice of law in the District of Columbia, and his name shall be stricken from the roll of attorneys authorized to practice before this court. Respondent's disbarment shall run, for the purposes of reinstatement, from the date he files the affidavit required by D.C. Bar R. XI, § 14(g). *See In re Slosberg*, 650 A.2d 1329, 1331 (D.C. 1994). It is

FURTHER ORDERED that BDN 61–02 is hereby dismissed as moot. *See In re Rostoker*, 918 A.2d 425 (D.C.2007).