**In re Stephen D. LANDFIELD,
Respondent.**

**A Member of the Bar of the District of
Columbia Court of Appeals (Bar
Registration No. 388146).**

**No. 04–BG–1527.**

District of Columbia Court of Appeals.

Submitted July 2, 2008.

Decided July 17, 2008.

Before KRAMER, Associate Judge,
KING and STEADMAN, Senior Judges.

PER CURIAM:

This reciprocal disciplinary matter stems from respondent's, Stephen Landfield's, six-month suspension from the practice of law with a fitness requirement imposed by the Supreme Court of New Jersey.[1] Respondent was cited in four separate orders for various violations of the New Jersey Rules of Professional Conduct ("NJRPC"), and received suspensions for periods of three to six months to run concurrently. The net sanction was a six-month suspension and included the requirement that respondent prove fitness to practice law as a condition of reinstatement.

Upon receiving notice from Bar Counsel, we suspended respondent on an interim basis pursuant to D.C. Bar R. XI, § 11(d), directed respondent to show cause why identical discipline should not be imposed and directed the Board of Professional Responsibility ("Board") to recommend whether identical, greater, or lesser discipline should be imposed as reciprocal discipline or whether it would proceed *de novo*. *See* D.C. Bar R. XI, § 11. This is not the first disciplinary investigation instituted against respondent. He was previously admonished by the Disciplinary Review Board of the Supreme Court of New Jersey for violating NJRPC 1.6(d) by failing to return the unused portion of a retainer agreement. Upon receiving notice of that action by Bar Counsel, we directed the Board to prepare a recommendation regarding discipline or determine whether it would proceed *de novo*.

---

1. Respondent was admitted to practice in the District of Columbia, Illinois and New Jersey. He has been administratively suspended by this court since 2003 for non-payment of bar dues.

■ The Board recommends imposing identical discipline of a six-month suspension with a fitness requirement, and dismissing the proceeding based upon the admonition by the Disciplinary Review Board of the Supreme Court of New Jersey. Although Bar Counsel initially recommended a greater suspension,[2] he has informed the court that he takes no exception to the Board's report and recommendation, nor has respondent filed any exceptions to the Board's report and recommendation.

■ There is a rebuttable presumption that the sanction imposed by this court in a reciprocal discipline case will be identical to that imposed by the original disciplining court. *In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). This presumption is rebutted only if the respondent demonstrates, or the face of the record reveals, by clear and convincing evidence the existence of one of the conditions enumerated in D.C. Bar R. XI, § 11(c). *See* D.C. Bar R. XI, § 11(f). We agree with the Board's conclusions that there is no basis for any exception set forth in D.C. Bar R. XI, § 11(c) to apply here. That being said, respondent's failure in this case to file any exception to the Board's reports and recommendations is treated as a concession that reciprocal discipline in the form of suspension from the practice of law is warranted and we adopt the recommendation of the Board. *In re Goldsborough*, 654 A.2d 1285 (D.C.1995); *see also In re Richardson*, 935 A.2d 1076, 1078 (D.C.2007) ("New Jersey law requires that when a respondent has been suspended from the practice of law, she is required to file a petition for reinstatement establishing fitness to resume practice of law; therefore, in keeping with the imposition of identical discipline, the Board recommends that a fitness requirement also be imposed here.") (footnote omitted); *In re Cater*, 887 A.2d 1, 12 (D.C.2005) (requiring "clear and convincing evidence that casts a serious doubt upon the attorney's continuing fitness to practice law" for imposition of a showing of fitness). Respondent's reinstatement in New Jersey is conditioned upon his fitness being attested to by a mental health professional approved by the Office of Attorney Ethics and satisfaction of certain fee arbitration determinations by the New Jersey Court. Provided he meets the conditions imposed by the New Jersey court and is reinstated in that jurisdiction and if there is no objection from New Jersey Bar Counsel, respondent may move to vacate the requirement of having to show fitness as a condition for reinstatement in this jurisdiction. In addition, the pending referral to the Board based upon the admonishment by the Disciplinary Review Board of the Supreme Court of New Jersey should be dismissed. *See In re Rostoker*, 918 A.2d 425, 426 (D.C.2007). Accordingly, it is,

ORDERED that Stephen D. Landfield is hereby suspended from the practice of law in the District of Columbia, for the period of six months. Reinstatement in the District of Columbia is conditioned on demonstration of fitness to practice law in accordance with D.C. Bar R. XI, § 3(a)(2). However, if respondent is summarily reinstated in New Jersey, he may move to vacate compliance with the fitness requirement. The pending referral to the Board based upon the admonishment by the Disciplinary Review Board of the Supreme Court of New Jersey is hereby dismissed. In addition, respondent filed a non-compliant affidavit required by D.C. Bar R. XI, § 14(g), and we direct his attention to the

---

**2.** Respondent's conduct would have likely resulted in a lengthier suspension, but there were mitigating factors relating to mental illness offered in the New Jersey proceedings. *See, e.g., In re Kersey*, 520 A.2d 321 (D.C. 1987).

requirements of that rule and its effect on his eligibility for reinstatement. *See* D.C. Bar R. XI, § 16(c).

*So ordered.*