*Corp., supra,* 402 A.2d at 1263). In this case as in *Jackson,* there was expert testimony on both sides of the proximate cause issue. We reversed a directed verdict for the defendant in *Jackson* because the trial court had based its ruling on the fact that the testimony of the plaintiff's expert had been refuted by the defendant's expert. In so doing, we said, the court had "exceeded its limited role and [had drawn] conclusions based on the weight of the evidence and the credibility of witnesses." 587 A.2d at 226. We reverse here for the same reason. It was not for the court to weigh the testimony of Dr. Singer against the testimony of Dr. Goldberg; it should have left that task to the jury. *See Shannon & Luchs Co. v. Tindal,* 415 A.2d 805, 807 (D.C.1980).

The judgment is accordingly reversed, and this case is remanded for a new trial.

*Reversed and remanded.*

Before KING, RUIZ, and REID, Associate Judges.

PER CURIAM.

Respondent Lloyd N. Moore, a tax attorney and managing partner of his law firm, pleaded guilty in June 1993, pursuant to a plea agreement, to one count of willful failure to file federal income tax returns in violation of 26 U.S.C. § 7203 (1994), a misdemeanor. Upon consideration of his guilty plea, on August 11, 1993, this court suspended Moore from the practice of law in the District of Columbia. Moore filed a timely affidavit of compliance pursuant to D.C. Bar R. XI, § 14.

The Board on Professional Responsibility ("Board") found that respondent was guilty of a "serious crime" under the Rules of the D.C. Court of Appeals,[1] and that Moore had committed multiple violations of DR 1–102(A)(4) by engaging in dishonest conduct and misrepresentation, and had violated DR 1–102(A)(5) by engaging in conduct prejudicial to the administration of justice. The Board also found that Moore's conduct did

**In re Lloyd N. MOORE, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 93–BG–964.**

District of Columbia Court of Appeals.

Submitted Feb. 25, 1997.

Decided March 27, 1997.

---

1. D.C. Bar R. XI, § 10(b) defines "serious crime" to include "willful failure to file income tax re- turns...."

not constitute moral turpitude *per se, see In re McBride,* 602 A.2d 626 (D.C.1992) (en banc), and therefore Moore is not subject to automatic disbarment under D.C.Code § 2503(a) (1996 Repl.). The Board recommends that Moore be suspended from the practice of law in the District of Columbia for a period of three years *nunc pro tunc* to August 11, 1993, with a showing of fitness required for reinstatement, and recommends that a determination be made at the time Moore applies for reinstatement whether a probationary condition should be imposed.

Neither respondent Moore nor Bar Counsel take exception to the report and recommendation of the Board in this matter. Pursuant to D.C. Bar R. XI, § 9(g)(2), we impose the sanctions recommended by the Board; therefore it is

ORDERED that respondent is hereby suspended from the practice of law in this jurisdiction for three years, *nunc pro tunc* to August 11, 1993, with a showing of fitness required for reinstatement. It is further ORDERED that when Moore applies for reinstatement, the Board shall make a determination whether probation and monitoring should be imposed as a condition of reinstatement.

*So ordered.*

**In re Walter H. CAPLAN, Respondent.**

**No. 96–BG–541.**

District of Columbia Court of Appeals.

Submitted March 6, 1997.

Decided March 27, 1997.

Before FERREN, FARRELL, and RUIZ, Associate Judges.

PER CURIAM:

 Following his conviction and sentence in the Superior Court of the State of California, County of San Francisco, for grand theft (§ 487 of the California Penal Code) and practice of law without a license (§ 6126(b) of the California Business and Professions Code), respondent was disbarred from the practice of law by the Supreme Court of the State of California. The Board on Professional Responsibility likewise recommends disbarment, *see* D.C.Code § 11–2503(a) (1995), on the ground that the theft statute under which respondent was convicted involves moral turpitude *per se. See In re Colson,* 412 A.2d 1160, 1168 (D.C.1979) (en banc). We agree with that conclusion and accept the Board's recommendation.\* Criminal offenses involving theft and fraud inherently involve moral turpitude. *In re Sluys,* 632 A.2d 734 (D.C.1993); *In re Slater,* 627

---

\* We dismiss the concurrent reciprocal discipline matter.