**In re Leslie KLEIN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals.**

**No. 98–BG–27.**

District of Columbia Court of Appeals.

Submitted Jan. 21, 1999.

Decided Feb. 11, 1999.

---

Before TERRY and STEADMAN, Associate Judges, and GALLAGHER, Senior Judge.

PER CURIAM:

This reciprocal discipline case comes to us from the Board on Professional Responsibility ("the Board"). In 1992, the Supreme Court of California suspended respondent for eighteen months after respondent stipulated that he violated CAL. BUS. & PROF.CODE §§ 6068(b) & (d), and former CAL. RULES OF PROFESSIONAL CONDUCT Rule 7–105(1) by making misrepresentations to the probate court. The California Court stayed the suspension and placed respondent on probation for eighteen months, subject to conditions recommended by the Hearing Department of the California State Bar. In 1995, the California Court suspended respondent for one year after respondent stipulated to violating CAL. RULES OF PROFESSIONAL CONDUCT Rules 4–100(a) (commingling of client funds) & 3–310(c) (representation of adverse interests). The California Court stayed the suspension and placed respondent on probation for one year, provided he be suspended for forty-five days.

In early 1998, Bar Counsel learned of the disciplinary orders through the ABA National Lawyer Regulatory Data Bank, and informed this court. Pursuant to D.C. Bar R. XI, § 11(d), respondent was directed to show cause why reciprocal discipline should not be imposed, and we directed the Board to make recommendations concerning the reciprocal discipline. Respondent was suspended from practicing law in the District of Columbia pending final disposition of this proceeding. The Board recommends that respondent be suspended for eighteen months, that all but forty-five days of that suspension be stayed, and that respondent remain on unsupervised probation for the stayed portion of the term of the suspension. Neither respondent nor Bar Counsel has noted an exception to the Board's Report and Recommendation. The facts pertaining to respondent's conduct are set forth in the Board's Report and Recommendation, which is attached as an Appendix.

 There is a presumption that in reciprocal discipline cases the discipline in the District of Columbia will be the same as that imposed by the original disciplining jurisdiction. *See In re Zilberberg*, 612 A.2d 832, 834 (D.C.1992). Under D.C. Bar R. XI, § 9(g)(1):

> In determining the appropriate order, the Court shall accept the findings of fact made by the Board unless they are unsupported by substantial evidence of record, and shall adopt the recommended disposition of the Board unless to do so would foster a tendency toward inconsistent dispositions for comparable conduct or would otherwise be unwarranted.

We approve the recommendation of the Board. Accordingly, Leslie Klein is hereby suspended from practice for eighteen months. All but forty-five days of this suspension shall be stayed. Respondent shall remain on unsupervised probation for the term of his suspension. The sanction shall be made effective as of the filing of his affidavit pursuant to D.C. Bar R. XI, § 14(g), May 1, 1998.

*So ordered.*

## APPENDIX

### DISTRICT OF COLUMBIA COURT OF APPEALS
### BOARD ON PROFESSIONAL RESPONSIBILITY

In the Matter of: Leslie KLEIN, Respondent.

Bar Docket No. 450–97

### REPORT AND RECOMMENDATION OF THE
### BOARD ON PROFESSIONAL RESPONSIBILITY

Respondent is a member of the Bar of the District of Columbia Court of Appeals

("Court"), having been admitted on August 15, 1980. He is also admitted to the Bar of the Supreme Court of California ("California court"). The California court suspended Respondent for several violations of the California Business and Professions Code ("California Code"). The Court has directed this Board to recommend whether reciprocal discipline should be imposed.

In his representation of the Estate of Victor Robinett, Respondent stated in a petition for probate that the decedent was a resident of Orange County, California. He also filed a proof of subscribing witness, that the decedent was a resident of Los Angeles County California. He then filed a spousal property petition under penalty of perjury, stating that the decedent was a resident of Los Angeles County, when he knew that the decedent had resided in Orange County.

In his representation of the Estate of George Hobnay, Respondent filed a petition for probate wherein he represented that the decedent was a resident of Orange County. He subsequently filed a spousal property petition wherein he misrepresented that the decedent had been a resident of Los Angeles County.

In both matters, Respondent stipulated that his misrepresentations violated California Code sections 6068(b) & (d) and former California Rule of Professional Conduct 7–105(1). In mitigation, it was stipulated that (1) Respondent had practiced in California for over 20 years without prior discipline; (2) he had been candid and cooperative in the disciplinary investigation; and (3) the probate petitions had been voluntarily dismissed in both matters. On September 10, 1992, the California court suspended Respondent for a period of 18 months, with execution of the suspension stayed and Respondent placed on probation for 18 months, subject to the conditions of probation recommended by the Hearing Department of the State Bar Court.

In a second disciplinary proceeding, Respondent was retained to represent Laura Hoppenjans in a personal injury matter. Respondent settled the case on the client's behalf for $50,000 and placed the settlement funds in his client trust account. He then transferred the funds to a certificate of deposit maintained in his wife's name as trustee for himself as beneficiary. Respondent stipulated that his conduct violated California Rule 4–100(a), which proscribes commingling. In mitigation, it was stipulated that Respondent's object in commingling was to maximize interest on the client's funds pending resolution of the amount to be paid to medical lienholders.

In a second matter in this proceeding, Respondent was employed to draft a will and trust for Helen McGroarty. The only asset of the trust was the client's home. Respondent prepared the trust naming the client's son and two siblings as co-trustees. Subsequent to the client's death, a dispute arose among the trustees regarding the potential sale of the home. An associate in Respondent's law firm filed a petition on behalf of the two siblings to remove the son as co-trustee. It was stipulated that Respondent was unaware that a member of his firm had filed the removal petition against one of the trustees, and Respondent immediately withdrew from the representation when he discovered the conflict. Nevertheless, Respondent stipulated that his conduct constituted a violation of California Rule 3–310(c)(representation of adverse interests). In this second proceeding, on August 3, 1995, the California court suspended Respondent for a period of one year, stayed the suspension, and placed Respondent on probation for one year on condition that he be suspended for 45 days. He was also ordered to comply with other conditions of probation recommended by the Hearing Department of the State Bar Court.

Respondent did not report the disciplinary orders of the California court to the Court of Appeals. Bar Counsel learned of the orders through the ABA National Lawyer Regulatory Data Bank. Upon receipt of notice from Bar Counsel of the California court's disciplinary actions, the Court entered an order on January 21, 1998, suspending Respondent pursuant to D.C.App. Rule XI, Section 11(d). The order also directed Respondent to show cause before this Board why reciprocal discipline should not be imposed, and directed the

Board to make a recommendation concerning the imposition of reciprocal discipline.

## ANALYSIS

Reciprocal discipline will be imposed unless the respondent demonstrates by clear and convincing evidence that one of the following exceptions to D.C.App. Rule XI, Section 11(c) applies:

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process;

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or

(3) The imposition of the same discipline by the Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the District of Columbia; or

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.

If the sanction imposed by the disciplining court falls within the range of sanctions that might be imposed in an original case in this jurisdiction, there is "a rebuttable presumption that the discipline will be the same in the District of Columbia as it was in the original disciplining jurisdiction." *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992); *In re Gardner,* 650 A.2d 693, 695 (D.C.1994).

On February 3, 1998, Respondent filed a declaration with the Court requesting that reciprocal discipline not be imposed. He argues that he stipulated to the violations in order to avoid a lengthy court procedure. He does not suggest that the California proceedings violated due process or that his stipulations as to the misconduct and discipline were other than knowing, voluntary waivers of his right to contested hearings on the charges. *Cf. In re Richardson,* 692 A.2d 427 (D.C.1997); *In re Sheridan,* 680 A.2d 439, 440 (D.C.1996).

In the McGroarty matter, it was stipulated that Respondent was unaware of the filing of the petition that created the conflict. Bar Counsel concedes that this conduct would not constitute a violation in this jurisdiction. *Cf.* D.C. Rule Prof. Conduct 5.1. Accordingly, the California court's finding of misconduct in the McGroarty matter does not establish misconduct in this jurisdiction. D.C.App. R. XI, Section 11(c)(5).

The remaining misconduct includes dishonesty and commingling. The sanction imposed by the California court falls within the range of sanctions that would be imposed in this jurisdiction for similar misconduct. *See In re McGann,* 666 A.2d 489 (D.C.1995) (30–day reciprocal suspension for commingling, greater discipline imposed in reciprocal matter than imposed by disciplining court); *In re Lowans,* 663 A.2d 524 (D.C.1995)(30–day suspension for isolated instance of dishonesty); *In re Ross,* 658 A.2d 209 (D.C.1995) (30–day suspension for commingling and failure to promptly pay third-party provider from settlement proceeds).

Bar Counsel recommends that Respondent be suspended for 45 days as reciprocal discipline, suggesting that the periods of stayed suspensions and probation be ignored. According to Bar Counsel, "Because the probation has been completed in California, no purpose would be served in requiring a probationary term here. Because Respondent is in California, local monitoring would serve no purpose." Statement of Bar Counsel at 7. While we do not recommend local monitoring, we disagree with forgiving the periods of suspension and probation imposed by the California court. Respondent has been the subject of two disciplinary proceedings, involving four matters, in this decade. In both cases, he failed to notify this jurisdiction that discipline had been imposed against him. We believe that the more appropriate reciprocal discipline would be to impose the longer of the two periods of suspension imposed by the California court, 18 months, and to stay all but 45 days of the suspension, to be consistent with the sanction imposed in 1995. The Respondent should remain on unsupervised probation for the period of the stayed suspension. Should Respondent be found to

have committed additional ethical violations during the period of unsupervised probation, he will be on notice that in addition to the reciprocal discipline for the new violation, he will serve the remaining 16 and a half months of the suspension imposed herein.

## CONCLUSION

For the reasons discussed above, we have determined that reciprocal discipline should be imposed in this case. We recommend that Respondent be suspended for 18 months, that all but 45 days of the suspension be stayed, and that Respondent remain on unsupervised probation for the stayed portion of the term of suspension, as reciprocal discipline based on the orders of the California court. Respondent filed his affidavit pursuant to Rule XI, Section 14(g) on May 1, 1998. However, he did not promptly notify this jurisdiction of the discipline imposed by the California court on two occasions. Therefore, he is not entitled to have

his sanction imposed retroactively as prescribed in *In re Goldberg,* 460 A.2d 982 (D.C. 1983).[1] Thus, Respondent's sanction should be made effective as of the date of the filing of his Section 14 affidavit, May 1, 1998.

BOARD ON PROFESSIONAL RESPONSIBILITY

By:

_____

Terry Michael Banks

Dated: June ___, 1998

All members of the Board concur in this Report and Recommendation, except Ms. Zumas and Ms. Taylor, who did not participate

---

1. In *Goldberg,* the Court held that a suspension imposed in a reciprocal discipline proceeding could be imposed retroactively to the commencement of the suspension in the foreign jurisdiction, "If the attorney 'promptly' notifies Bar Counsel of any professional disciplinary action in another jurisdiction, as he or she is required to

do under Rule XI ... and if the attorney voluntarily refrains from practicing law in the District of Columbia during the period of suspension in the original jurisdiction." 460 A.2d at 985.