## In re Mohammad P. SABOORIAN, Respondent.

### A Member of the Bar of the District of Columbia Court of Appeals.

### No. 98–BG–1592.

District of Columbia Court of Appeals.

Argued March 15, 2001.

Decided April 5, 2001.

Carmen Jacobs, Alexandria, VA, for respondent Saboorian.

Michael S. Frisch, Senior Assistant Bar Counsel, for the Office of Bar Counsel, with whom Joyce E. Peters, Bar Counsel, was on the brief.

Before STEADMAN, FARRELL and GLICKMAN, Associate Judges.

PER CURIAM:

Respondent, Mohammad P. Saboorian, is a member of the State Bar of California and the bar of this court. On November 7, 1995, respondent pled *nolo contendere* in Los Angeles Municipal Court to one count of misdemeanor sexual battery. The imposition of sentence was suspended, and respondent was placed on three years' probation and, among other conditions, was ordered to pay restitution to the victim for psychological counseling, serve 100 hours of community service, and attend six months of therapy. Respondent fulfilled the terms of his probation and his conviction was thereafter vacated, he was allowed to enter a plea of not guilty, and the complaint against him was dismissed.

As a result of respondent's *nolo contendere* plea, the Supreme Court of California suspended respondent from the practice of law for two years, stayed execution of the suspension, and placed respondent on probation for two years subject to certain conditions. The Court determined that respondent's misconduct did not involve moral turpitude. We note also that the misconduct was not client-related and was not part of a pattern of abuse.

The Board on Professional Responsibility has recommended reciprocal discipline in the form of a two-year suspension. The Board recommends that the suspension be stayed and that respondent be placed on two years of unsupervised probation on the condition that he refrain from misconduct in violation of the disciplinary rules of any jurisdiction in which he is a member of the bar during the probationary period. The Board recommends in addition that respondent be required to notify Bar Counsel promptly of any ethical complaint filed against him and its disposition.

Neither Bar Counsel nor respondent object to the Board's report and recommendation. In view of the presumption in favor of identical reciprocal discipline absent clear and convincing evidence that a different sanction would be appropriate, and our heightened deference to the Board when its recommendation is unopposed, we accept that recommendation in this case. *See In re Goldsborough,* 654 A.2d 1285, 1288 (D.C.1995); *In re Zilberberg,* 612 A.2d 832, 834 (D.C.1992); D.C. Bar R. XI, § 11. Accordingly, it is

ORDERED, that Mohammad P. Saboorian be suspended from the practice of law in the District of Columbia for the period of two years. Execution of the suspension is stayed and respondent is placed on two years of unsupervised probation on the condition that he refrain from misconduct in violation of the disciplinary rules of any jurisdiction in which he is a member of the bar during the probationary period.[1] The sanction shall take effect immediately upon issuance of our order.[2]

*So ordered.*

1. We accept the recommendation of the Board that, because Respondent has complied with the conditions of his California probation, there is no point in repeating those conditions here.

2. As Respondent did not report his California disciplinary action to Bar Counsel as required by D.C. Bar R. XI, § 11(b), he is not entitled to have his discipline in this jurisdiction run concurrently with his discipline in California. *See In re Klein,* 723 A.2d 864, 865, 868 (D.C. 1999); *In re Goldberg,* 460 A.2d 982, 985 (D.C.1983).