In re James R. MARLEN, Respondent.

A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 458330).

No. 04–BG–478.

District of Columbia Court of Appeals.

Submitted Dec. 20, 2005.
Decided Dec. 30, 2005.

Before SCHWELB and FARRELL, Associate Judges, and NEWMAN, Senior Judge.

PER CURIAM:

The Board on Professional Responsibility recommends the imposition of reciprocal discipline on respondent in the form of a two-year suspension, stayed in favor of two years' probation subject to the conditions imposed by the State of Texas, the original disciplining jurisdiction. The recommendation stems from findings by the Texas disciplinary authority that respondent, who had been retained to prosecute a securities fraud claim, violated the following Texas Rules of Disciplinary Conduct: 1.01(b) (competent and diligent representation); 1.03(a) (communication with client); 1.14(b) (safekeeping property); and 8.04(a)(8) (failure to respond).

Nether respondent nor Bar Counsel has filed an exception to the Board's recommendation. See, e.g., In re Childress, 811 A.2d 805 (D.C.2002). In such circumstances, our consideration of the recommendation is especially deferential. As "no obvious miscarriage of justice would result in the imposition of identical discipline," id. at 807, we accept the Board's recommendation.

Accordingly, respondent is hereby suspended from the practice of law in the District of Columbia for two years, but the suspension is stayed in favor of two years' probation subject to the conditions set forth in the Texas Grievance Committee judgment. See In re Chadwick, 585 A.2d 798, 801 (D.C.1991). The sanction will take effect upon issuance of this order.[1] The record does not indicate whether respondent has satisfied all the conditions of his probation in Texas. If he demonstrates that he has done so, he shall be deemed to have satisfied those obligations here, and the remaining term of his probation in this jurisdiction will be subject only to the condition that he refrain from misconduct in violation of the disciplinary rules of any jurisdiction of which he is a member of the bar. See Saboorian, supra note 1, 770 A.2d at 79. Respondent's suspension here, if executed, will not commence until he has filed the affidavit required by D.C. Bar R. XI, § 14(g). See In re Slosberg, 650 A.2d 1329, 1331–33 (D.C. 1994).

So ordered.

---

1. As respondent did not report his Texas disciplinary action to Bar Counsel, as required by D.C. Bar R. XI, § 11(b), he is not entitled to have his discipline in this jurisdiction run concurrently with the Texas discipline. See In re Saboorian, 770 A.2d 78 (D.C.2001).