**In re Caroline P. AYRES–FOUNTAIN, Respondent.**

**A Member of the Bar of the District of Columbia Court of Appeals (Bar Registration No. 428324).**

**No. 06–BG–273.**

District of Columbia Court of Appeals.

Argued Nov. 8, 2007.

Decided Aug. 7, 2008.

Caroline P. Ayres–Fountain, pro se.

William R. Ross, Assistant Bar Counsel, with whom Wallace E. Shipp, Jr., Bar Counsel, was on the brief, for the Office of Bar Counsel.

Before WASHINGTON, Chief Judge, THOMPSON, Associate Judge, and FARRELL, Associate Judge, Retired.*

PER CURIAM:

In this reciprocal discipline matter, respondent is challenging the identical reciprocal discipline recommendation made by the Board on Professional Responsibility ("Board"). The Board has proposed that we adopt its recommendation calling for a three-year suspension, to run *nunc pro tunc* from the date on which respondent filed her D.C. Bar Rule XI, § 14(g) affidavit with this court, and a requirement that respondent prove her fitness to practice law before being reinstated. Respondent contends that requiring her to show fitness before being readmitted would be a grave injustice. Respondent further contends that her suspension should run *nunc pro tunc* from the date on which her foreign suspension became effective. For the following reasons, we adopt the Board's recommendation.

## I.

Respondent was suspended by the Supreme Court of Delaware for three years and required to show fitness prior to being reinstated in that jurisdiction.[1] Her suspension in Delaware began on July 8, 2002. Respondent stipulated before that court to having violated numerous Rules of Professional Conduct by, *inter alia:* 1) concealing her failure to pay various federal, state, and local taxes; 2) falsely reporting to the Delaware court that she had paid all applicable taxes; 3) with respect to one client, failing to provide competent repre-

---

* Judge Farrell was an Associate Judge of the court at the time of argument. His status changed to Associate Judge, retired, on July 1, 2008.

1. Although respondent argues that Delaware did not impose a fitness requirement because it was not expressly imposed in that state's order suspending her, it is clear from Del. Disc. R. 22(a) that respondent must show fitness prior to being reinstated in Delaware.

sentation, failing to act with reasonable diligence and promptness, failing to keep the client informed, failing to hold unearned fees in a trust account, failing to keep the client's property separate from her own, failing to take steps to protect the client's interest, and engaging in deceit and misrepresentation; 4) with respect to another client, failing to act with reasonable diligence and promptness, and failing to protect the client's interest upon withdrawal from representation; and 5) with respect to two other clients, failing to act with reasonable diligence and promptness.

After imposition of her suspension in Delaware, respondent requested that the Delaware court send notice of her discipline to the D.C. Bar Counsel ("Bar Counsel"). The Delaware Office of Disciplinary Counsel obliged respondent and sent notice to Bar Counsel on July 12, 2002. The court in Delaware also informed the authorities in Virginia and Maryland of the discipline. The notice from the Delaware court listed respondent as "Caroline Patricia Ayres." The D.C. Bar's membership database had respondent listed as "Caroline P. Ayres–Fountain." Because of the confusion caused by the different names, Bar Counsel did not recognize respondent as a member of the bar of this court, and did not immediately investigate or report respondent's discipline to this court. Sometime thereafter, Bar Counsel realized that the respondent was a member of this bar and notified this court of the Delaware discipline and proceeded to investigate whether reciprocal discipline was warranted. On May 4, 2006, Bar Counsel recommended to the Board that respondent receive identical reciprocal discipline and be suspended for three years with a fitness requirement. Respondent did not oppose the suspension, but argued in a timely filed opposition that the suspension should run *nunc pro tunc* from the effective date of

her suspension in Delaware, and that there should be no fitness requirement.

On November 30, 2006, respondent filed with the Board an addendum to her response to Bar Counsel's statement. In this addendum, she noted that she had been reinstated in Virginia, passed the Multistate Professional Responsibility Examination with a high score, had taken continuing legal education courses, and was in excellent health.

On February 5, 2007, the Board filed its report and recommendation with this court, asking that respondent be suspended for three years with proof of fitness prior to reinstatement. The Board also recommended that respondent's suspension be deemed to run *nunc pro tunc* from April 14, 2006, the day respondent filed a § 14(g) compliant affidavit with this court. On February 26, 2007, respondent filed an opposition to the Board's recommendation based on the same objections she raised in her exceptions to Bar Counsel's recommendation, and Bar Counsel timely submitted its reply.

## II.

■ In reciprocal discipline matters, identical discipline shall be imposed unless the attorney demonstrates, or the court finds on the face of the record, by clear and convincing evidence, that one of the five enumerated exceptions set forth in D.C. Bar R. XI, § 11(c) applies. *See In re De Maio*, 893 A.2d 583, 586 (D.C.2006). D.C. Bar R. XI, § 11(c) states:

Reciprocal discipline shall be imposed unless the attorney demonstrates, by clear and convincing evidence, that:

(1) The procedure elsewhere was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; or

(2) There was such infirmity of proof establishing the misconduct as to give rise to the clear conviction that the Court could not, consistently with its duty, accept as final the conclusion on that subject; or

(3) The imposition of the same discipline by the Court would result in grave injustice; or

(4) The misconduct established warrants substantially different discipline in the District of Columbia; or

(5) The misconduct elsewhere does not constitute misconduct in the District of Columbia.[2]

In this case, the Supreme Court of Delaware has imposed a three-year suspension upon respondent with the requirement that she prove her fitness to practice law prior to being reinstated. Thus, we will impose the same sanction, unless respondent demonstrates by clear and convincing evidence that one of these exceptions applies.

■ While respondent raises two arguments, only one seems to fit within the above-enumerated exceptions.[3] She ar-

gues that imposing a fitness requirement on her would result in a grave injustice.[4] However, because this court regularly imposes a fitness requirement on attorneys for similar conduct in original discipline matters, *see In re Owusu*, 886 A.2d 536 (D.C.2005) (imposing a fitness requirement for causing prejudice to a client through neglect); *In re Moore*, 691 A.2d 1151 (D.C. 1997) (imposing a fitness requirement for failure to file income taxes); *In re Slaughter*, 929 A.2d 433 (D.C.2007) (imposing a fitness requirement on an attorney who engaged in behavior involving fraud, dishonesty, deceit and/or misrepresentation), there is no grave injustice in requiring respondent to prove her fitness to practice law prior to being reinstated.

### III.

■ Respondent also argues that her suspension should run *nunc pro tunc* from the effective date of her discipline in Delaware.[5] This court has established that in order for an attorney's suspension in this jurisdiction to run concurrently with any foreign discipline, the attorney must

---

2. We note that as of August 1, 2008, the language of this rule was amended. The amendment, however, does not affect on our decision.

3. Respondent also argue that because there is no substantial evidence which cast serious doubt upon her fitness to practice law, no fitness requirement can be imposed upon her. However, under Rule XI, § 11(c), this is not a basis for deviating from the imposition of foreign discipline. Respondent has not shown, for example, a serious "infirmity of proof establishing the misconduct" found by Delaware. *See* Rule XI, § 11(c)(2).

4. More specifically, respondent argues that because she has been reinstated in Virginia, a grave injustice would result if she is required to show fitness in the District of Columbia. Virginia's requirements for reinstatement, however, are different from ours, *compare*

Virginia Supreme Court Rules Part Six, Section IV, Paragraph 13.I.8.c, *with In re Roundtree*, 503 A.2d 1215, 1217 (D.C.1985), and this court reserves decisions on reinstatement for itself, *see In re Arnett*, 565 A.2d 963, 963 n. 1 (D.C.1989). Accordingly, the decision as to whether respondent is fit to practice law in D.C., and therefore deserves reinstatement, will be made by this court after respondent has served her suspension.

5. Respondent also argues that it would be a "grave injustice" to suspend her prospectively. Consistent with our rules, however, respondent's suspension here runs from the filing date of her original § 14(g) affidavit, and so her suspension is not prospective but in keeping with the established rules of this court. Because it was within respondent's control to comply with our rules, we see no grave injustice in enforcing our rules in this case.

promptly notify Bar Counsel of the foreign discipline. *See In re Saboorian,* 770 A.2d 78, 79 n. 2 (D.C.2001); *In re Goldberg,* 460 A.2d 982, 985 (D.C.1983). In this case, respondent requested that the Delaware court notify the District of Columbia of her discipline. Unfortunately, she neglected to inform the Delaware court that her bar membership in this jurisdiction was under a different name than was listed in the Delaware records, and therefore, Bar Counsel did not receive timely and adequate notification of respondent's foreign discipline. *Goldberg* makes clear that Bar Counsel must be timely notified of foreign discipline in order for an attorney to be eligible to have a suspension run concurrently with any foreign discipline, and we see no reason to create an exception to this general rule when the attorney's agent fails to effectively communicate the necessary information to Bar Counsel. *See* 460 A.2d at 985. It was respondent's duty to ensure that Bar Counsel was aware of the discipline imposed in Delaware, and by ceding that responsibility to the Delaware court, respondent assumed the risk that the required information might not be effectively communicated to Bar Counsel. Further, because respondent knew or should have known that the D.C. bar listed her on its rolls as "Caroline P. Ayres–Fountain," as opposed to "Caroline Patricia Ayres" as she was listed in Delaware, and because she did not hear anything from the D.C. bar about her disciplinary case for a significant period of time,[6] she should have been aware that she needed to contact Bar Counsel to confirm receipt of the disciplinary notice. While respondent's failure to promptly notify this court of her foreign discipline precludes her from receiving *nunc pro tunc* treatment from the date of her foreign discipline,

respondent is eligible for *nunc pro tunc* treatment from April 14, 2006, the date on which she filed a § 14(g) affidavit with this court. *See In re Friedman,* 843 A.2d 737 (D.C.2004).

Therefore, it is

ORDERED that Caroline P. Ayres–Fountain is hereby suspended from the practice of law in the District of Columbia for a period of thirty-six months commencing on April 14, 2006, and is required to show fitness prior to reinstatement.

*So ordered.*

---

6. Respondent had been notified that both Maryland and Virginia had received notification