*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

**DISTRICT OF COLUMBIA COURT OF APPEALS**

**No. 14-BG-364**

IN RE: KEITH T. MURPHY,
                                        Respondent.
**Bar Registration No. 374115**                **BDN: 95-14**

BEFORE:    Easterly, Associate Judge, and Nebeker and King, Senior Judges.

**ORDER**
(FILED - June 19, 2014)

On consideration of the certified orders suspending respondent from the practice of law in the state of Michigan for a total of two years with reinstatement conditioned on the full payment of restitution and a showing of fitness, this court's April 14, 2014, order directing respondent to show cause why the functionally equivalent discipline in the form of a suspension for a period of two years with his reinstatement conditioned upon a showing of fitness and satisfaction of the restitution ordered in Michigan should not be imposed, and the statement of Bar Counsel regarding reciprocal discipline, and it appearing that respondent has failed to file a response to this court's order to show cause but did file an affidavit as required by D.C. Bar R. XI, §14 (g), it is

ORDERED that Keith T. Murphy is hereby suspended from the practice of law in the District of Columbia for a period of two years, *nunc pro tunc* to April 14, 2014. *See, e.g., In re Ayres-Fountain*, 955 A.2d 157 (D.C. 2008)(in order to benefit from concurrent discipline, respondent must timely notify this court of the imposition of discipline entered by the initial jurisdiction). Reinstatement is contingent upon a showing of fitness and a showing that respondent has fully paid restitution ordered by the state of Michigan. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007).

**PER CURIAM**