*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

## DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 15-BG-1258**

FILED 5/12/16
District of Columbia
Court of Appeals

IN RE: PAUL AARON HERMAN,
                    Respondent.

Julio Castillo
Clerk of Court

**Bar Registration No. 1013933**        **BDN: 218-15**

BEFORE: Blackburne-Rigsby, Associate Judge, and Farrell and Nebeker, Senior Judges.

## ORDER
(FILED - May 12, 2016)

On consideration of the certified order suspending respondent from the practice of law in the state of Florida for six months, this court's December 23, 2015, order directing respondent to show cause why the functionally-equivalent reciprocal discipline of a six-month suspension with a fitness requirement should not be imposed, the statement of respondent wherein he requested that his discipline be imposed to run concurrently with the discipline imposed by the state of Florida, the statement of Disciplinary Counsel regarding reciprocal discipline, and it appearing that respondent did not timely notify this court of the discipline imposed by the state of Florida, and it further appearing that respondent did not file his D.C. Bar R. XI, §14 (g) affidavit until January 26, 2016, it is

ORDERED that Paul Aaron Herman is hereby suspended from the practice of law in the District of Columbia for a period of six months, *nunc pro tunc* to January 26, 2016. Reinstatement is contingent upon a showing of fitness. *See In re Sibley*, 990 A.2d 483 (D.C. 2010), and *In re Fuller*, 930 A.2d 194, 198 (D.C. 2007) (rebuttable presumption of identical reciprocal discipline applies to all cases in which the respondent does not participate). Respondent is not eligible to have this discipline run concurrently with the discipline imposed by the state of Florida because respondent failed to promptly self-report his discipline and comply with the other requirements for the imposition of concurrent discipline. *See In re Ayres-Fountain*, 955 A.2d 157, 160-61 (D.C. 2008).

**PER CURIAM**