*Notice: This opinion is subject to formal revision before publication in the Atlantic and Maryland Reporters. Users are requested to notify the Clerk of the Court of any formal errors so that corrections may be made before the bound volumes go to press.*

# DISTRICT OF COLUMBIA COURT OF APPEALS

**No. 22-BG-808**

IN RE ANTOINI M. JONES,

**DDN: 2022-D017**

A Member of the Bar of the
District of Columbia Court of Appeals

**Bar Registration No. 428159**

BEFORE: Beckwith, Easterly, and Deahl, Associate Judges.

## O R D E R
(FILED— January 5, 2023)

On consideration of the certified order from the state of Maryland suspending respondent by consent for 60 days, stayed in favor of one year of probation with terms; this court's October 28, 2022, order directing respondent to show cause why reciprocal discipline should not be imposed; respondent's response arguing that the underlying disciplinary case would have been resolved as a fee dispute had it been brought in the District, requesting no sanction, and alternatively requesting reciprocal discipline be imposed concurrent to the Maryland discipline; and the statement of Disciplinary Counsel, it is

ORDERED that Antoini M. Jones is hereby suspended from the practice of law in the District of Columbia for 60 days, stayed in favor of one year of probation subject to full compliance with the terms imposed by the state of Maryland. *See In re Sibley*, 990 A.2d 483, 487-88 (D.C. 2010) (explaining that there is a rebuttable presumption in favor of imposition of identical discipline and exceptions to this presumption should be rare). Respondent's argument against reciprocal discipline is essentially an attempt to relitigate factual matters, and "reciprocal discipline proceedings are not a forum to reargue the foreign discipline." *In re Zdravkovich*, 831 A.2d 964, 969 (D.C. 2003). Further, appellant agreed in the joint petition that he had mishandled entrusted client funds. Additionally, respondent is ineligible to

have his suspension run concurrent to the Maryland discipline, because he failed to self-report his discipline. *See In re Ayres-Fountain*, 955 A.2d 157, 160-61 (D.C. 2008) ("This court has established that in order for an attorney's suspension in this jurisdiction to run concurrently with any foreign discipline, the attorney must promptly notify Bar Counsel of the foreign discipline.").

**PER CURIAM**